In re Estate of Redmond Weldon, Deceased.
Ellen A. Murray, Administratrix de bonis non of Estate of Redmond Weldon, Deceased, Appellee, v. Continental Illinois National Bank and Trust Company of Chicago, Executor of Last Will of Agnes Weldon, Deceased, Appellant.

Gen. No. 44,574.

Opinion filed April 4, 1949. Released for publication May 17, 1949.

FRANK W. SWETT, of Chicago, for appellant.

David J. A. Hayes, of Chicago, for appellee; George F. Mulligan, of Chicago, of counsel.

Mr. Justice Tuohy delivered the opinion of the court.

Plaintiff, as administratrix *de bonis non* of the estate of Redmond Weldon, filed her final account and report in the probate court of Cook county, to which objections were filed by the defendant as executor of the last will of Agnes Weldon, deceased. The objections being overruled, an appeal was taken to the circuit court of Cook county, and from a judgment order of that court also overruling the objections, this appeal is taken.

Redmond Weldon died on September 13, 1945, leaving his widow, Agnes M. Weldon, a brother and sister, two nephews and a niece as his only heirs-at-law. The widow died testate on October 13, 1945, and the defendant was appointed as her executor on December 7, 1945, and is still acting as such. The proposed distribution in the final account is to the heirs-at-law of Redmond Weldon. The objections to this are predicated upon the theory that distribution should be made to the executor of the last will of Agnes M. Weldon, the widow. The fund to be distributed, $3,049.25, is a refund due under sec. 39 (e) of the Municipal Employees' Annuity and Benefit Fund Act. (Ill. Rev. Stat. 1945, ch. 24, par. 1082 [Jones Ill. Stats. Ann. 100.044]).

Plaintiff's theory of the case as stated in her brief is that sec. 39 (e) of the statute providing for a refund under the Municipal Employees' Annuity and Benefit Fund Act is vague, indefinite, and incomplete, and requires a construction by a court; that when the legislature created this fund it intended to provide benefits thereunder only to the municipal employee, his widow and his children, and not for any strangers; that regardless of the literal wording of the Act it was the intent of the legislature to prefer blood relatives of the

deceased municipal employee over strangers in making any refund under the Act, and that by reason of this legislative intent and purpose, the heirs of the deceased employee who would be entitled to a refund would be determined at the time of the death of the widow of the municipal employee.

Defendant's theory is that the statute in question is unambiguous and clearly authorizes the payment of the refund, if any there should be, to the administrator or executor of the deceased municipal employee; that the only distribution the administratrix here is authorized to make is that provided by the statute of descent, being identical with that required under said sec. 39 (e), namely, that the entire refund be paid to the defendant bank as executor of the last will of Agnes M. Weldon, deceased.

No facts being in dispute, we have therefore a question of law presented as to whether or not sec. 39 (e) of the Municipal Employees' Annuity and Benefit Fund Act is so vague, indefinite, and incomplete as to require construction by this court, and secondly, if it does require construction, how it shall be construed.

Section 39 (e) provides that if there be no children, such fund "shall be refunded and paid to the administrator or executor of the estate of such deceased municipal employee," and that if there be no administrator or executor, the refund, after the payment of burial expenses, "shall be paid to the heirs of such municipal employee according to the law pertaining to the estates of deceased persons."

We are unable to agree with the contention of the plaintiff that the language of this section is vague, indefinite, and incomplete. On the contrary, we think that it is sufficiently clear as to require no construction, and accordingly, that portion of the argument which has to do with the intention of the legislature must be disregarded.

 The requirement under the Act that the re-
fund be paid to the administrator or executor means
that the refund is the property of the employee that
shall pass as testate or intestate property upon his
death, the same as any other property belonging to
him, and the further provision of the Act that in the ab-
sence of an administrator or executor, the balance,
after burial expenses, shall be paid to the employee's
heirs "according to the law pertaining to the estates of
deceased persons" emphasizes this meaning. The fact
that Redmond Weldon's widow was the beneficiary of
his pension payments in no way deprived her of her
rights as his heir-at-law, and there are no words in the
pension statute which repeal or endeavor to repeal the
statute of descent. The applicable section of the stat-
ute of descent (Probate Act, sec. 11 [Ill. Rev. Stat.
1947, ch. 3, par. 162; Jones Ill. Stats. Ann. 110.258])
provides as follows:

"The intestate real and personal estate of a resident
decedent . . . descends and shall be distributed
as follows: . . .

"Third, when there is no descendant but a surviving
spouse and also a parent, brother, sister, or descend-
ant of a brother or sister of the decedent: (a) to the
surviving spouse the entire personal estate . . . ."

The word "estate," as here used, refers to all interests
in property, real and personal, to which the deceased
may be entitled, including the possibility of a reverter.
*North v. Graham,* 235 Ill. 178.

██ It is true that Redmond Weldon might have
willed the property otherwise, but his failure so to do
makes the property intestate property. His surviving
widow takes as heir the intestate remainder in the same
property in which she had been made a life tenant. As
was said in the case of *Tilton v. Tilton,* 382 Ill. 426, at
page 431: "Again, anything less than an intention to
make an affirmative disposition of the property to

others has been held insufficient to cut off the life tenant's rights as an heir or next of kin in the undisposed of reversion. (*Hill v. Hill,* 161 Ga. 356; *Torrey v. Peabody,* 97 Me. 104; *Nickerson v. Bowly,* 8 Metc. (Mass.) 424; *Wood v. Mason,* 17 R. I. 99.) As pointedly stated in *Hill v. Hill, supra,* 'To disturb the ordinary course of descent of property, the disherison of the heirs-at-law must affirmatively appear.' ''

■ Plaintiff further contends that this being a fund in the nature of a pension or annuity, that the widow has no vested interest in the fund and that the parties who shall take, if any fund remained after the death of the widow, can only be determined at that time. We are of the opinion that the case of *Schmidt v. Dupuis,* 348 Ill. 237, disposes of this proposition contrary to plaintiff's contention. In this case Herman Schmidt, a soldier during the first World War, died in 1918. He was unmarried and held a certificate of war risk insurance payable to his mother as beneficiary, in 240 monthly installments. His mother and his father, Louis, were his only heirs. They were afterwards divorced, and she married Samuel Dupuis. She received the monthly installments until her death in 1928. The unpaid installments amounted to $5,887. At the expiration of a year the administrator presented its account showing disposition of one-half to Louis Schmidt, the soldier's father, and one-half to the estate of his mother, Mrs. Dupuis. The circuit and appellate courts reversed this order of distribution. In holding that such distribution was proper and reversing the circuit and appellate courts, the Supreme Court said, at page 240:

''The present value of the installments was properly paid to the administrator of the soldier's estate on the death of his mother. It became a part of his estate, to be distributed among his heirs as of the date of his death. On that date his only heirs were his father and mother, and each was entitled to one-half thereof, sub-

ject to the payment of claims allowed and costs of administration. The mother having died, her share must be paid to her personal representative. . . .

"Whether or not Dupuis comes within the permitted class of beneficiaries designated by the War Risk Insurance Act is unimportant in this case. His rights, if any, are derived not by virtue of anything contained in that act but are dependent solely upon the provisions of the Statute of Descent of this State. He inherits from his deceased wife and not as a beneficiary under the policy of insurance issued to her soldier son."

The Supreme Court in the above case cites with approval *In re Estate of Singer,* 192 Wis. 524, 213 N. W. 479, where, under a similar state of facts, the court said (p. 527):

" . . . Here the language of the act is perfectly plain—the remainder of the fund is to be paid to the estate of the deceased. Hence there is no room for the application of rules of construction. The intent of the law-making power is that which is found clearly expressed in the language used in the act. Whether it be considered as said in the *White Case* [299 Fed. 855], *supra,* that the contract be a contract of insurance or a pension, or partakes somewhat of both, its disposition in the event of death is clearly indicated. Immediately upon the death of the insured the title to his estate vested in his heirs. . . .

"It does not necessarily follow, however, that there was vested in the heirs any interest in this particular fund. What did vest *was the right to the estate of the deceased* whatever it might be. . . . it must be distributed to his heirs as of the date of his death." (Italics ours.)

For these reasons, the judgment order appealed from is reversed, and the cause remanded to the circuit court of Cook county with directions to sustain defendant's objections to said final account and report and

restate said account, making distribution of said balance of $3,049.25 to the Continental Illinois National Bank and Trust Company of Chicago, as executor of the last will of Agnes Weldon, deceased.

*Reversed and remanded with directions.*

FEINBERG, P. J., and NIEMEYER, J., concur.