In re ESTATE OF HERBERT RUDDER, Deceased.—(ARNOLD SCOTT RUDDER, a Minor, by Charlotte Ann Drendel, his Mother and Next Friend, Plaintiff-Appellant, *v.* JULI ANN RUDDER *et al.*, Defendants-Appellees.)

Second District   No. 78-320

Opinion filed November 20, 1979.

A. J. Marco, of Marco & Mannina, of Downers Grove, for appellant.

Melvin M. Landau and Arthur Pollman, both of Chicago, and William T. Rodeghier, of Western Springs, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Charlotte Ann Drendel, as the natural mother of Arnold Scott Rudder, appeals from an order of the Circuit Court of Du Page County denying her petition to reopen the estate of Herbert Rudder.

Herbert Rudder died on January 8, 1973, as a result of injuries sustained in an accidental fall from a roof. He died intestate, and an estate was opened in Du Page County on February 5, 1973, listing as heirs Juli Ann Rudder (spouse), Teresa Ann Rudder (daughter), Donna Leonora Rudder (daughter), Herbert John Rudder (son), and Michael Duane Rudder (son).

An action was brought on behalf of the widow and four children claiming damages as a result of the death of Herbert Rudder. This wrongful death action was settled and under the terms of the settlement funds were deposited for distribution into the estate of Herbert Rudder.

On February 6, 1976, the funds representing this settlement were distributed by order of the probate court to the widow and four children. On this same date, the administrator was discharged, and the estate of Herbert Rudder was ordered closed.

On May 18, 1977, plaintiff, as the natural mother of Arnold Scott Rudder, filed a "Petition to Re-Open Estate and Set Aside Awards and Allowances." An amended petition, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), was filed on August 18, 1977. This petition alleged, *inter alia*, that the deceased had lived with plaintiff Charlotte Drendel and that this relationship resulted in one child—Arnold Scott Rudder. It was further alleged that the deceased had acknowledged Arnold Scott Rudder as his child, that administrator Juli Ann Rudder knew of this birth and subsequent acknowledgement, and that Arnold Scott is a legal heir of the deceased under Illinois law.

Following argument of counsel, the court below denied the amended petition on its merits on February 15, 1978. Plaintiff appeals.

Three issues are presented by this appeal: (1) whether plaintiff's claim is supported by the recent amendment to section 2.2 of the Probate Act; (2) whether the decision of *Trimble v. Gordon* (1977), 430 U.S. 762, 52 L. Ed. 2d 31, 97 S. Ct. 1459, should be applied retroactively; and (3) whether under section 72 of the Civil Practice Act plaintiff's claim is meritorious even if *Trimble* is limited to prospective application?

In the case of *Trimble v. Gordon* the supreme court found that the section of the Illinois Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 12) which allowed illegitimate children to inherit by intestate succession only from their mothers violated the equal protection clause of the fourteenth amendment. Subsequent to this decision, the Illinois legislature amended the Probate Act (Ill. Rev. Stat., 1978 Supp., ch. 110½, par. 2—2) to allow an illegitimate child to inherit from a decedent who had either acknowledged paternity or who had been adjudged to be the father of the child in question. This amendment further provided that the new provision "takes effect upon its becoming a law and applies to the estates of decedents dying before, on, or after its effective date."

■■ Under the Probate Act the word "estate" refers to all interests in property, real and personal, to which the deceased may be entitled. (*In re Estate of Weldon* (1949), 337 Ill. App. 270, 274, 85 N.E.2d 840; 16 Ill. L. & Prac. *Descent and Distribution* §5 (1971).) Once an estate is closed and the representative discharged, the estate may *only* be reopened under section 24—9 of the Act to permit distribution of newly discovered assets or of an unsettled portion of the estate. (*In re Estate of Bilotti* (1978), 56 Ill. App. 3d 552, 372 N.E.2d 122.) This legislative preference for finality is also shown by section 18—12 which sets an absolute limit of six months for filing claims against inventoried portions of the estate. In light of this

need for finality in the administration of estates, we believe that the above quoted language concerning the application of section 2.2 was intended to allow an illegitimate child to inherit from the intestate estate of a decedent father who died prior to the September 12, 1978, effective date only if the estate had not yet been closed. In the present case the estate had been closed and therefore plaintiff cannot rely on this amendment to support her claim.

The major issue presented by this case is the propriety of retroactively applying the *Trimble* decision. Both parties agree that there is no *per se* rule requiring retroactive application of a constitutionally based court decision. (*Williams v. United States* (1971), 401 U.S. 646, 651, 28 L. Ed. 2d 388, 91 S. Ct. 1148.) In *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 106-07, 30 L. Ed. 2d 296, 92 S. Ct. 349, the court set forth three criteria for determining whether a decision in a civil case should be applied retroactively or prospectively:

(1) a decision to be applied prospectively must establish a new principle of law,

(2) will the purpose and effect of the new decision be best served by retroactive or prospective application? and,

(3) the equities of the situation.

In *In re Petition of Negron* (1975), 33 Ill. App. 3d 112, 337 N.E.2d 375, retroactive application of the decisions declaring unconstitutional the conclusive presumption that an unwed father was unfit to retain custody on the mother's death was denied on the basis of these three criteria.

In the present case, the facts that the *Trimble* decision established a new principle of law and that retroactive application would disrupt the orderly process of probate mitigate in favor of prospective application. That the legislature has specifically adopted the above discussed rule for applying this amendment to section 2.2 further argues against full retroactive application of the *Trimble* decision.

■ In the recent case of *Frakes v. Hunt* (1979), ___ Ark. ___, 583 S.W. 2d 497, the Supreme Court of Arkansas was also faced with deciding if the *Trimble* decision was to be given retroactive application. The plaintiff in *Frakes* brought an action shortly after the *Trimble* case was decided in an attempt to affect descent of property occurring upon an intestate death in 1972. The majority held that despite the fact that the asset in question had remained intact, it would *not* apply the *Trimble* retroactively. (See also *Pendleton v. Pendleton* (Ky. 1978), 560 S.W.2d 538, and *Allen v. Harvey* (Tenn. 1978), 568 S.W.2d 829.) We find that a similar conclusion is called for in the instant case.

■ Finally plaintiff argues that since her petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) was proper in form and filed in compliance with the statute, she should prevail even if

*Trimble* is only applied prospectively. Plaintiff misunderstands the operation of section 72. Before relief can be given under this section not only must a petition be filed in conformity with the requirements of the Civil Practice Act, but the party seeking relief must show a meritorious defense and the exercise of due diligence. (*Mutual National Bank v. Kedzierski* (1968), 92 Ill. App. 2d 456, 236 N.E.2d 336, 338.) Here there is no issue as to due diligence as plaintiff filed her action less than one month after the *Trimble* decision. However, in order to have a meritorious defense, plaintiff would need the benefit of a retroactive application of *Trimble*.

We hold that section 2.2 of the Probate Act was not meant to apply to previously closed estates, that *Trimble* should not be applied retroactively, and that plaintiff is not entitled to relief under section 72 of the Civil Practice Act. Accordingly, we affirm the decision of the Circuit Court of Du Page County.

Affirmed.

SEIDENFELD and WOODWARD, JJ., concur.