Lureatha COOPER on behalf of her daughter, Donna Cooper, a minor, Plaintiff,

v.

Patricia HARRIS, Secretary of the Department of Health, Education and Welfare, Defendant.

No. 79 C 3983.

United States District Court, N. D. Illinois, E. D.

Sept. 8, 1980.

Barbara L. Samuels, Legal Assistance Foundation of Chicago, Lawndale Legal Services, Chicago, Ill., Charles A. Linn, Legal Assistance Foundation of Chicago, 18th Street Legal Services, Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

In this action, plaintiff, on behalf of her daughter, seeks judicial review of the Social Security Administration's final denial of child's survivor benefits under §§ 202(d) and 216(h) of the Social Security Act (the Act), 42 U.S.C. §§ 402(d) and 416(h). After her application was denied, plaintiff had a hearing before an Administrative Law Judge (ALJ) and his decision of denial was approved by the Appeals Council. Jurisdiction is based here on 42 U.S.C. § 405(g). The matter is now before the Court on cross motions for summary judgment.

Plaintiff is seeking surviving child's benefits on behalf of her minor daughter, Donna Cooper, from the account of Nelson Bluitt, the deceased natural father of the daughter. Mr. Bluitt died in July, 1977. Plaintiff's original application was filed on August 22, 1977. The ALJ ruled that plaintiff had not satisfactorily demonstrated that Bluitt was the natural father of Donna. The Appeals Council summarily approved this decision. However, plaintiff claims that the ALJ ignored one statutory basis of eligibility for Donna, misconstrued the law he did consider and erroneously evaluated the evidence.

The Act provides several methods by which a child born to unwed parents may attain "child" status. 42 U.S.C. § 416(h)(2) and (3). The parties agree that the ALJ failed to consider one basis of entitlement found in § 216(h)(2)(A) of the Act, 42 U.S.C. § 416(h)(2)(A). That section provides that if the child is entitled to inherit personal property from the decedent under the law of the decedent's domicile at death (here, Illinois), then the child is entitled to survivor's benefits under the Act. Plaintiff argues that the failure to consider § 216(h)(2)(A) is grounds for reversal and the Secretary argues that the section did not apply because there was no applicable Illinois inheritance law to apply. The arguments focus on a recent amendment to the Illinois Probate Act.

■ In response to *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), the Illinois Legislature passed a statute regarding the inheritance rights of illegitimates. The amendment was enacted September 12, 1978, but it "applies to the estates of decedents dying before, on or after its effective date." Ill.Rev.Stat. ch. 110½, § 2–2 (1979). Under this law, children of unwed parents are permitted to inherit from their natural fathers where paternity is established by *inter alia* "clear and convincing evidence."

The Secretary claims that an Illinois Appellate Court limited the retroactive effect of the amendment so that it should not apply in this case. In *In re Estate of Rud-*

*der*, 78 Ill.App.3d 517, 397 N.E.2d 556 (1979), the court held that an illegitimate child can inherit from the father who died before September 12, 1978, only if the estate is not yet closed. Thus, a petition to re–open an estate was denied. Here, the Secretary argues that since there is no indication that the Estate of Nelson Bluitt was open, the probate amendment does not apply.

The Court, however, agrees with plaintiff that the *Rudder* case is inapplicable. That decision was expressly based on the strong preference for finality in the administration of estates. 78 Ill.App.3d at 519–20, 397 N.E.2d at 558. In this case, plaintiff is not making a claim against Bluitt's estate; she is seeking benefits not subject to probate. Thus, this could not be a case of re–opening and relitigating claims against a closed estate. Moreover, plaintiff has brought to the Court's attention a decision by the Secretary, that this Court affirmed, in which the Appeals Council retroactively applied the Illinois probate section at issue here. For these reasons, the Court concludes that the 1978 amendment to Ill.Rev.Stat. § 2–2 is applicable to this case. Since the ALJ and Appeals Council failed to consider this issue as mandated by § 216(h)(2)(A) of the Act, 42 U.S.C. § 416(h)(2)(A), the Secretary's decision must be reversed.

■ Plaintiff also argues that the record contains enough evidence to meet the "clear and convincing" standard in the Illinois statute so that Donna would be entitled to inherit property from Bluitt, and, therefore, also entitled to survivor's child benefits. Specifically, plaintiff notes: the statements of Bluitt's mother and sister (with whom he lived) and of plaintiff's mother relating that Bluitt had orally acknowledged paternity; plaintiff's testimony and Bluitt's sister's statement that Bluitt acknowledged paternity in writing to Public Aid; and that Bluitt paid child support weekly for eleven years.

■ The ALJ acknowledged this evidence, but he construed the sections of the Act he applied as requiring a written ac-

knowledgement of paternity by the father. Since plaintiff did not produce an appropriate document, the ALJ ruled against her, giving little weight to the "hearsay" evidence. However, under the Illinois statute, establishment of paternity is not limited to written acknowledgement. Section 2–2 of the Illinois Probate Act only requires "clear and convincing evidence." Ill.Rev.Stat. ch. 110½, § 2–2 (1979).

■ The insistence by the ALJ on the actual writing demonstrates a basic misconception of the best evidence rule. To prove the contents of a document, it must be produced only if it exists. The document was destroyed by fire at the public aid office. Plaintiff certainly cannot be held accountable for its destruction. The secondary evidence she introduced more than satisfied the rule. Fed.Rules of Evid. 1004.

This Court finds the evidence overwhelming that Nelson Bluitt was the natural father of plaintiff's daughter. All the testimony and statements by plaintiff, her relatives and Nelson Bluitt's relatives unequivocally establish that Bluitt was Donna Cooper's natural father. These statements, although hearsay, recounted acknowledgements by Bluitt of his paternity of Donna. They were clearly admissible and reliable. Fed.Rules of Evid. 803(19), 803(24) and 804(4). The only statement that is not unequivocal is that of Bluitt's son who lives in California, but he merely says that he never heard his father mention Donna. In light of all this evidence, the failure to produce a document of written acknowledgement is insignificant. Further, all the evidence indicates that a writing did exist, but was destroyed in a fire at a public aid office.

The Secretary's insistence on the production of a written acknowledgement not only has delayed benefits for Donna, but has been a matter of extreme frustration for Mrs. Cooper. Her anxiety can only be expressed by her own testimony at the hearing:

[ALJ] *Q: Well, it's a matter of proof. See, you're the one that has to prove that he—that he acknowledged that— that he was the father.*

[Mrs. Cooper] *A: Well, that's all the proof I had, and that—and they got burned up, so how—what else can I do? . . . . They keep telling me still bring the proof. How can I bring the proof? I can't go to the grave and tell the man come up and sign that paper over. . . . I said Nelson Bluitt signed that paper. He signed, and it got burned up. I said then I'll be—I'll be crazier than the peoples that's asking me to be crazy, because how come I come up now with his handwriting on that—on that paper at that time?*
*Now, that's what I don't understand. I understand what you all are saying and what—the proof I had to call. I can't come up—you said come up with some other proof. Then you're going to read my records, see the date. OK. You come send me a letter saying bring some more proof in. I don't have no more proof.*

[ALJ] *Q: I have to decide the case on what there is.*

[Mrs. Cooper] *A: I don't have no—if I had the proof, I wouldn't have waited no year to—*

[ALJ] *Q: Yuh.*

[Mrs. Cooper] *A: —bring the proof back up.*

[ALJ] *Q: Right.*

[Mrs. Cooper] *A: I don't understand why they won't go on—why they're making my daughter suffer and me suffer, too. It is too much on me. They just—either they're going to give it to me, give it to—I'll leave it alone. I—I got too much on me. This isn't helping. I just found out from a doctor I got a tumor in—in—and a hernia in me, and (UNINTELLIGIBLE) my heart. I can't stand no more. Even if they're going to accept it, I'll leave it alone. I—I think I'm (UNINTELLIGIBLE).*

[ALJ] *Q: I'll have to make a decision on it.*

[Mrs. Cooper] *A: I can't—I can't—I can't take no more for these people. They— when he signed—I'm tired of this here*

*stuff. You all can take it or leave it or don't give it to her. I don't care what you all do from now on. I'm just—I'm just tired.*

[ALJ] *Q: Well, thank you very much.*

[Mrs. Cooper] *A: I'm sorry I had to say it like that, but I'm just tired, 'cause this—this is too much on me.* (Tr. 68–70)

Mrs. Cooper has given us all a cogent argument for the admissibility of secondary evidence. Her credibility literally shouts from this cold record. It is difficult to conceive of a better argument on her behalf. She has said it all.

Because the evidence is at least "clear and convincing" that Nelson Bluitt was Donna's natural father, there is no reason to further delay this matter by remanding it to the Secretary. Therefore, pursuant to the authority granted in 42 U.S.C. § 405(g), the Secretary is ordered to pay the benefits to which Donna Cooper is entitled.

Accordingly, plaintiff's motion for summary judgment is granted and defendant's motion for same is denied.