Jason J. OWENS, By and Through
Theresa OWENS, mother and next
friend, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 81–3477.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1982.

Decided Nov. 9, 1982.

Tom O'Neill, Longview, Wash., for plaintiff-appellant.

Richard W. H. Wetmore, Seattle, Wash., argued for defendant-appellee; Gene S. Anderson, Seattle, Wash., on brief.

Appeal from the United States District Court for the Western District of Washington.

Before WRIGHT, HUG, and SCHROEDER, Circuit Judges.

HUG, Circuit Judge:

Jason Owens appeals from the denial of his application for Title II Social Security children's dependency benefits. Jason was born out of wedlock subsequent to his father's death. His right to benefits depends upon whether he would inherit personal property from his father under Washington State's law of intestate succession. He contends that the Secretary and the district

court erred by applying the law of intestate succession in effect at the time of his father's death, rather than the law in effect at the time of the Secretary's determination. We agree and reverse.

## I

Jason Owens alleges that he is the illegitimate son of Elvis Joe Quinton. Quinton, a Washington resident, died in an automobile accident in 1971, six months before Jason was born. Theresa Owens, Jason's mother, was never married to Quinton nor did she live with him. Quinton was unaware of the pregnancy at the time of his death, and left no will or other writing acknowledging the unborn child as his own.

In 1978, Theresa Owens filed a claim for Social Security benefits on behalf of Jason. Following a final decision of the Secretary denying the claim for benefits, this action was brought in the district court under 42 U.S.C. § 405(g). Upon recommendation of the United States Magistrate, the district court affirmed the Secretary's decision. Jason Owens appeals from that judgment.

## II

■ The Social Security Act (the "Act") provides that a child who meets certain requirements is eligible for benefits if the child was "dependent," within the meaning of the Act, upon a deceased wage earner at the time of the wage earner's death. 42 U.S.C. § 402(d)(1)(C)(ii) (1976). The Act establishes a number of presumptions of dependency, including one for legitimate and adopted children. 42 U.S.C. § 402(d)(3). Under section 216(h)(2)(A) of the Act, 42 U.S.C. § 416(h)(2)(A), illegitimate children are also entitled to this presumption, and are therefore eligible for benefits, if they would inherit personal property from the wage earner under the applicable state intestacy law. *Mathews v. Lucas,* 427 U.S. 495, 498–99 & n. 2, 96 S.Ct. 2755, 2758–59 & n. 2, 49 L.Ed.2d 651 (1976).

The issue presented here concerns the proper interpretation of section 216(h)(2)(A). That section reads as follows:

In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

42 U.S.C. § 416(h)(2)(A). In applying this section, the district court looked to the intestacy law of Washington in effect at the time of Quinton's death. The Secretary argues that this is the correct interpretation of the statute. The appellant argues that "at the time of his death" refers only to the determination of which state's intestacy law applies, and that the state's current intestacy law is the one that should be applied.

Under Washington law in effect at the time of Quinton's death in 1971, an illegitimate child could not take by intestate succession from a deceased father unless the father had either married the child's mother or acknowledged the child in writing. R.C.W. § 11.04.081 (amended 1976). Because Quinton did not marry Theresa Owens or acknowledge the child she was carrying at the time of his death, Jason would not be an intestate heir of Quinton under this statute and therefore not his child for purposes of claiming benefits under the Act.

In 1976, after Quinton's death, but before Jason's Social Security claim was filed, Washington amended its law of intestate succession. One of the changes provided that a child's right to take by intestate succession "shall not depend upon whether or not the parents have been married." R.C.W. § 11.04.081 (1976). Under the amended statute, Jason may be an intestate

heir of Quinton and therefore may be his child for purposes of claiming benefits under the Act. Appellant argues that the current law should apply to his claim.

### III

■ The problem is determining whether the words "at the time of his death" in section 216(h)(2)(A) are intended to modify only the immediately preceding antecedent, "the courts of the state in which he was domiciled," or whether they are also intended to modify the earlier phrase "such law as would be applied."

Several published district court opinions have concluded that the intestacy law in effect at the time of the wage earner's death is the one to be applied. *Gonzales v. Harris,* 514 F.Supp. 995, 996 (E.D.Cal.1981); *Ramon v. Califano,* 493 F.Supp. 158, 159 (W.D.Tex.1980); *Allen v. Califano,* 452 F.Supp. 205, 209 (D.Md.1978). Other district courts have reached the opposite result. *Tyler v. Schweiker,* 530 F.Supp. 1028, 1032 (D.Md.1981); *Cooper v. Harris,* 499 F.Supp. 266, 267 (N.D.Ill.1980).

"The best indicator of what statutory words mean is what they say." *Finnegan v. Matthews,* 641 F.2d 1340, 1344 (9th Cir. 1981). Judge Morgan of the Central District of Illinois has written an unpublished opinion that interprets the words of section 216(h)(2)(A) to mean that the intestacy law in effect at the time of the Secretary's determination is the one to be applied.

[Section 216(h)(2)(A) ] provides that in determining eligibility, "the Secretary *shall apply* such law as *would be applied* in determining the devolution of intestate personal property" by the courts of the decedent's domicile. (Emphasis added.) The state law to be applied must be that which the courts of the decedent's domicile would apply at the time of the Secretary's determination. Were the applicable state law that which existed at the time of the decedent's death, the statute would require a prepositional phrase to that effect, or a change in the verb tense to present perfect subjunctive, i.e., "such law as *would have been applied*." That

the courts have already applied a different law in distributing the decedent's estate is of no moment, for the statute looks not to the chronology of death, probate, and application for survivorship benefits, but to the state law as it exists at the time of the Secretary's determination.

*Copeland v. Califano,* No. 78–1004, at 5 (C.D.Ill. June 20, 1979). We are persuaded that Judge Morgan's careful grammatical analysis is correct and that this is the proper interpretation of the statute.

There are no significant policy reasons to apply the intestacy law in effect at the time of the wage earner's death. The Secretary points out that the law of intestate succession in effect on the date of death usually applies for probate purposes. The reason for this, however, is the need to fix the rights of all heirs in the intestate's estate. There is no corresponding need to fix the rights of a Social Security claimant immediately upon the death of the wage earner. *See Cooper v. Harris,* 499 F.Supp. at 267. The use of a state's intestacy law is a rough attempt to sort out dependent children. There is no reason to believe that Washington's repealed intestacy law is better suited to this purpose than its current law.

■ It is a well-established principle "that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Board of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). The application of Washington's current intestacy law would not result in manifest injustice, nor is there statutory direction or legislative history indicating that the current law should not be applied. Indeed, the plain meaning of the statutory language supports this result.

### Conclusion

We hold that under section 216(h)(2)(A) the Secretary should have applied the intestacy law in effect at the time of his deter-

mination, rather than the law in effect at the time of the wage earner's death.[1] Accordingly, we reverse the judgment, and remand to the district court so that this case may be remanded to the Secretary for a new determination based on Washington's current law of intestate succession.

REVERSED and REMANDED.

---

1. Because we hold that the Secretary looked to the wrong law, it is not necessary for us to consider plaintiff's alternative argument that the intestacy law applied below is unconstitutional.