Karissa P. LE FEVRE, a Minor, By and Through her Guardian Ad Litem Jeannie LE FEVRE, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. CV 90–6783 (T).

United States District Court, C.D. of California.

Nov. 20, 1991.

Gregory A. Scharf, Torrance, Cal., for plaintiff.

Lourdes G. Baird, U.S. Atty., Leon W. Weidman, Asst. U.S. Atty., Chief, Civ. Div., Tomson T. Ong, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION

TASSOPULOS, United States Magistrate Judge.

Plaintiff has filed a Motion for Summary Judgment seeking to reverse the decision of the defendant denying her application for child's insurance benefits. Defendant, the Secretary of Health and Human Services, has filed a Cross Motion for Summary Judgment seeking affirmance of his decision denying plaintiff's application for benefits.

The parties filed a Consent to Proceed Before a United States Magistrate, pursuant to the provisions of 28 U.S.C. § 636(c), on March 21, 1991.

## STATEMENT OF ADMINISTRATIVE PROCEEDINGS

Plaintiff, Jeannie Le Fevre, filed an application for child's insurance benefits on behalf of her daughter, Karissa P. Le Fevre, on April 19, 1988, alleging that Karissa was the natural child of wage earner Mohammad Hashem Zubin, who died on March 16, 1987. (Administrative Record, hereinafter "A.R.", pages 33–38). Plaintiff's application was denied initially (A.R. 41–42) and upon reconsideration (A.R. 47–53). Plaintiff requested an administrative hearing (A.R. 54–55) which was held on March 1, 1990 (A.R. 23–32) before an Administrative Law Judge (hereinafter "ALJ").

The ALJ issued a recommended decision on April 23, 1990. (A.R. 9–14). The ALJ concluded that the evidence of record established that plaintiff is the natural child of the wage earner pursuant to 20 C.F.R. § 404.355(c) (1990), and, therefore, entitled to child's insurance benefits on the record of the wage earner. (A.R. 9–14). Specifically, the ALJ found that while plaintiff was not the insured's natural child under sections (a), (b), and (d) of the regulation, she was the natural child under the ALJ's interpretation of section (c). (A.R. 12–13). Section (c) requires written acknowledgment from the wage earner that the child is his or her own child. 20 C.F.R. § 404.-355(c) (1990). While such written acknowledgment from the wage earner was not in the record, statements from the wage earner's widow, brother, and cousin were in the record. These witnesses stated that the wage earner had told them that he had a child, and that the plaintiff was his child by Jeannie Le Fevre. The ALJ found this evidence compelling, particularly the statement from the wage earner's widow constituted a statement against interest because her child would have to share child's insurance benefits with Karissa if she were found eligible for benefits. (A.R. 13). The ALJ concluded that these statements constituted sufficient acknowledgment by the wage earner, and deemed the requirements of section (c) satisfied.

Pursuant to its review powers, the Social Security Appeals Council notified plaintiff that it would be reviewing the ALJ's decision. (A.R. 110–111). The Appeals Council rendered a decision on October 15, 1990 rejecting the ALJ's recommended decision

and finding, *inter alia*, that written statements by third parties regarding the deceased wage earner's oral acknowledgment of paternity to them did not constitute written acknowledgment of paternity within the meaning of the Social Security Act. Therefore, the Appeals Council concluded that plaintiff was not the natural child of the wage earner under the Social Security Act and, correspondingly, not entitled to child's insurance benefits based on the wage earner's records. (A.R. 3–8). The Appeals Council also found that under the laws of the State of California, there was no evidence that Karissa could inherit personal property from the wage earner.

## STANDARD OF REVIEW

The Secretary's denial of benefits should only be disturbed if it is not supported by proper legal standards or the substantial evidence of record. *Keyes v. Sullivan*, 894 F.2d 1053 (9th Cir.1990). Substantial evidence is more than a mere scintilla but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427. The Court is required to review the record as a whole and consider both adverse and supporting evidence. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.1989).

## DISCUSSION

The record in this case reveals that the wage earner, Mohammad Hashem Zubin, a native of Afghanistan who emigrated to the United States in 1983, began a relationship with plaintiff, Jeannie Le Fevre, in 1983. When plaintiff became pregnant, the wage earner refused to support the child and urged her to abort. Plaintiff refused and a child, Karissa, was born on August 11, 1984. The statements of plaintiff reveal that she did not name the wage earner as the father of the child on Karissa's birth certificate because she did not want him to use that information for immigration residency purposes or to gain custody of the child. The wage earner died on March 16, 1987 from a shotgun suicide.

In support of her application for child's insurance benefits, plaintiff has submitted the results of DNA testing of the child and the wage earner which shows that the wage earner, Mohammad Hashem Zubin, is the father of the applicant. (A.R. 70). In addition, plaintiff has submitted statements from the wage earner's wife (A.R. 65), brother (A.R. 58), cousins (A.R. 60–61), and mother (A.R. 98–102), that during his lifetime he acknowledged to them that Karissa LeFevre, the applicant herein, was his child. The record also contains statements from Jeannie Le Fevre's father (A.R. 62–64) and mother (A.R. 59) stating that Mohammed Zubin was the father of their granddaughter, Karissa.

The general criteria for entitlement to child's insurance benefits are found under 42 U.S.C. § 402(d)(1). The statute provides that every "child" of an individual who dies fully insured under the Social Security Act is entitled to child's insurance benefits if the child is unmarried, under the age of 18, and was dependent upon the insured at the time of the insured's death. Dependency is presumed if the insured is living with or contributing to the support of the child. 42 U.S.C. § 402(d)(3). If the presumption does not apply, 42 U.S.C. § 416(h)(2) sets forth alternative rules for the determination of family status.[1]

---

1. These alternative methods for establishing dependency include:

    (1) where the child is entitled to inherit from the insured under the laws of the state of the insured's domicile (42 U.S.C. § 416(h)(2)(A)); *See Owens by and Through Owens v. Schweiker*, 692 F.2d 80, 82 (9th Cir.1982) (applicable law under 42 U.S.C. § 416(h)(2)(A) is state intestacy law in effect at the time of the Secretary's decision);

    (2) *where the insured and the other parent of the child entered into a marriage ceremony which, but for a legal impediment, would have been a valid marriage* (42 U.S.C. § 416(h)(2)(B));

    (3) where in the case of a deceased individual, such insured had acknowledged in writing,

In the instant case, two of the alternative methods for the determination of family status were originally in issue, *i.e.*, whether plaintiff could inherit from the deceased wage earner under the laws of intestate succession in the state of California, and whether plaintiff acknowledged the plaintiff as his child during his lifetime. Plaintiff originally argued before the Secretary that under California law, she was entitled to inherit from the wage earner and was, therefore, entitled to child's insurance benefits. Plaintiff also argued that the evidence, primarily the statements from the wage earner's relatives coupled with the DNA test results, constituted sufficient acknowledgment of paternity to fulfill the requirements of the statute. However, the Motion for Summary Judgment filed in this Court concedes that the witness statements did not constitute a written acknowledgment of paternity meeting the requirements of the statute. (Plaintiff's Motion for Summary Judgment, page 2). Rather, plaintiff now argues that the state's laws of intestacy prohibit anyone other than the alleged father of an illegitimate child from seeking and obtaining an order declaring paternity. Thus, plaintiff argues that in a case, such as the instant case, where the alleged father is deceased, an illegitimate child cannot bring an action proving paternity, and such laws are unconstitutional because they violate the illegitimate child's due process and equal protection rights.

Defendant argues that the decision of the Secretary is supported by substantial evidence. Specifically, defendant argues that the laws of the State of California do provide a means by which an illegitimate child may bring an action establishing the existence of a father and child relationship. Therefore, since such an action is permitted under the laws of the State of California, defendant argues that the child's due process and equal protection rights have not been violated.

### A. The Laws for Intestate Succession

Under California law, a child's right to inherit intestate from her father or mother depends upon the existence of a parent and child relationship. California Probate Code § 6408. That relationship exists between a child born out of wedlock and her biological father where the relation is (1) presumed and such presumption is not rebutted, or (2) established pursuant to the Uniform Parentage Act. California Probate Code § 6408(c).

Presumptive paternity is established if the conditions set forth in Section 621 of the California Evidence Code[2] are met, or other conditions are met.[3] In the instant case, there is not evidence of presumptive

before his or her death, that the applicant for benefits is his or her son or daughter (42 U.S.C. § 416(h)(3)(C)(i)(I));

(4) where in the case of a deceased individual, such insured had been decreed by a court to be the mother or father of the applicant before his or her death (42 U.S.C. § 416(h)(3)(C)(i)(II)); *See Casserino on Behalf of Thomas,* 921 F.2d 862 (9th Cir.1990) (benefits cannot be awarded on grounds that child constructively satisfied requirements where judgment of paternity was not entered against father until two weeks after his death, and statute requiring judgment of paternity be entered prior to father's death does not violation equal protection);

(5) where in the case of a deceased individual, the insured had been ordered by a court, before his or her death, to contribute to the support of the applicant because the applicant was his or her son or daughter (42 U.S.C. § 416(h)(3)(C)(i)(III); or,

(6) where in the case of a deceased individual, such insured is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured

individual was living with or contributing to the support of the applicant at the time such insured individual died (42 U.S.C. § 416(h)(3)(C)(ii)). *See Smith v. Heckler,* 820 F.2d 1093 (9th Cir.1987) (entitlement to child's insurance benefits established because father both living with and contributing to support of child even though child born after death of father).

**2.** Under Section 621(a) of the California Evidence Code, the issue of a wife cohabitating with her husband who is not impotent or sterile, is conclusively presumed to be a child of the marriage.

**3.** (1) if he and the child's natural mother are or have been married to each other and the child is born during the marriage or within 300 days after the marriage is terminated (California Civil Code § 7004(a)(1));

(2) before the child's birth, he and the child's mother attempt to marry in compliance with the law although the attempted marriage is or could be declared invalid (California Civil Code § 7004(a)(2)) and;

paternity through the provisions of either the California Evidence Code or other conditions set forth in Section 7004.

Absent any basis for a conclusion of presumptive paternity, plaintiff's only alternative for securing inheritance rights would be to bring an action for the declaration of a father and child relationship. Section 7006 of the California Civil Code, also part of the Uniform Parentage Act, and entitled *Action to determine existence or nonexistence of father and child relationship* provides, in relevant part:

> "(c) An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under Section 7004 or whose presumed father is deceased may be brought by the child or personal representative of the child, the State Department of Social Services, the mother or the personal representative or a parent of the mother if the mother has died or is a minor, a man alleged or alleging himself to be the father, or the personal representative or a parent of the alleged father if the alleged father has died or is a minor. ..."

Plaintiff has specifically noted this section of the State of California's version of the Uniform Parentage Act. (Plaintiff's Motion for Summary Judgment, page 3). However, plaintiff has interpreted this section of the statute as precluding any action if the putative father is dead. (Plaintiff's Motion, page 4).

(i) the attempted marriage could be declared invalid only by a court, the child is born during the attempted marriage, or within 300 days after its termination (California Civil Code § 7004(a)(2)(i); or

(ii) if the attempted marriage in invalid without a court order, the child is born within 300 days after the termination of cohabitation (California Civil Code § 7004(a)(2)(ii);

(3) after the child's birth, an attempted marriage is performed and,

(i) with his consent he is named as father on the birth certificate (California Civil Code § 7004(a)(3)(i)) or,

(ii) he is obligated by court order or written consent to pay child support (California Civil Code § 7004(a)(3)(ii)); or,

(iii) he receives the child into his home and openly holds out the child as his natural child (California Civil Code § 7004(a)(3)(iii)).

▮▮ The Court's reading of the statute indicates that the state laws of California specifically allow a child born out of wedlock to bring an action to establish paternity even if the putative father is deceased. Thus, plaintiff's argument that the preclusion of such an action is violative of the illegitimate child's constitutional rights has no merit.

The Court notes that while California law does allow a child born out of wedlock to bring an action to establish paternity, contrary to plaintiff's argument, a successful action does not mean that the child is entitled to inherit under intestate succession.

The ALJ in this case determined that the applicant had not established that she could inherit the wage earner's personal property under California's inheritance laws. Specifically, the ALJ noted that there was no provision for DNA testing in California law to provide presumptive proof of parentage. Furthermore, the ALJ found that the applicant had not obtained any court decree which would establish that the claimant is an heir under California inheritance laws as required under the Uniform Parentage Act. (A.R. 13).

Earlier in her decision, the ALJ addressed the impact of the DNA test results on the claimant's right to inherit under California law. The ALJ noted that California Probate Code Section 6408(c)(2)[4] provides that if a court order establishing paternity under California Civil Code Section 7006 is entered "after the father's

---

**4.** Pursuant to a 1990 Enactment, and effective July 1, 1991, Sections 6408 and 6408.5 of the California Probate Code were repealed and reenacted without substantive change into the new Section 6408 of the Probate Code. Section 6408(c) is now set forth in subdivision (f). As noted, there has been no substantive change, merely a renumbering. References in this Memorandum Opinion are to the old numbering system, *i.e.,* 6408(c), in effect at the time of the wage earner's death and the decision of the Secretary.

Section 6408(c)(2) provides:
"(c) For the purpose of determining whether a person is a 'natural parent' as that term is used in this section:
(1) ...
(2) A natural parent and child relationship may be established pursuant to any other provisions of the Uniform Parentage Act, except

death, it must for the purposes of intestate succession, be supported by clear and convincing evidence that the father has openly and notoriously held out the child as his own. Thus, while the DNA finger printing analysis might be relevant to an adjudication under Section 7006, it would not be sufficient to establish the requisite relationship absent a finding by the court that the wage earner openly acknowledged paternity." (A.R. 12).

The Social Security Appeals Council agreed with the ALJ's analysis and concluded that, in its opinion, the record did not reflect such clear and convincing evidence although the wage earner orally acknowledged paternity to his relatives. (A.R. 7).

■ Thus, while plaintiff is clearly permitted to bring an action to establish paternity under Civil Code Section 7006(c), she must also show that Mr. Zubin "openly and notoriously" held out Karissa as his child in order to inherit under the intestate succession laws of the State of California.

As previously noted, plaintiff brought an action in the Superior Court. However, rather than seeking a declaration establishing a father and child relationship under Civil Code § 7006(c), and then subsequently arguing that the deceased held out Karissa to be his child "openly and notoriously" under Probate Code § 6408(c)(2)(B), plaintiff's action sought to have her named as an administrator of Mr. Zubin's estate. Thus, plaintiff has not clearly attempted to establish paternity, and subsequently the right to inherit personal property of the wage earner, under California law.

## CONCLUSION

Plaintiff's only argument before this Court is that California intestate inheri-

tance law is unconstitutional regarding its treatment of children born out of wedlock whose putative fathers are deceased. As previously noted, this Court concludes that California law does not violate the due process or equal protection rights of illegitimate children whose putative fathers are deceased.

Since plaintiff has raised only one argument and specifically conceded the correctness of the Secretary's decision, the Court is hard pressed to review the Secretary's decision for error. Such issues, if raised, would be totally *sua sponte* action by this Court. Plaintiff is represented by counsel. Thus, this Court's action to determine and resolve issues presented by plaintiff's case would be inappropriate and unwarranted.[5]

Accordingly, IT IS ORDERED that the plaintiff's Motion for Summary Judgment is denied, and defendant's Motion for Summary Judgment is granted.

that the relationship may not be established by an action under subdivision (c) of Section 7006 of the Civil Code unless either (A) a court was entered during the father's lifetime declaring paternity or (B) paternity is established by clear and convincing evidence that the father has openly and notoriously held out the child as his own."

5. As the Ninth Circuit Court of Appeals noted in *Sanchez v. Secretary of Health and Human Services,* 812 F.2d 509, 512 (9th Cir.1987), the cor-

rect procedure for the disability claimant was to apply anew for benefits if he subsequently found evidence of a mental or physical impairment. The Court's general rule applies to the instant case as well. After subsequent litigation in the State Court, plaintiff may be entitled to inherit personal property from her putative father, the wage earner. She would then be entitled to child's insurance benefits under the Social Security Act.