In the Matter of the Estate of John Kuntz, Deceased, Clarence Kunz, et al. (Petitioners Below), Appellants, v. Daniel P. Ward, State's Attorney of Cook County, Illinois, et al. (Respondents Below), Appellees.

Gen. No. 51,975.

First District.

August 5, 1968.

Sherwin J. Malkin, Sonnenschein, Levinson, Carlin, Nath & Rosenthal, of Chicago, and James W. Richardson, Nack, Richardson & Nack, of Galena, for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and Donald J. Veverka, Assistant State's Attorney, of counsel), for appellees.

MORAN, J.

This appeal arises in connection with a petition filed by the alleged heirs of the decedent, John Kuntz, to reopen his estate for the purpose of amending a court finding of lack of heirs, and receiving proof of the correct heirs of decedent. After a hearing the trial court entered an order denying the petition to reopen the estate and to amend its finding of heirship and subsequently also denied the motion of petitioners to vacate the order denying said petition.

On June 25, 1966, the alleged heirs of John Kuntz, deceased, filed a petition to reopen his estate and to amend heirship, alleging:

"1. That the above decedent died a resident of Cook County, Illinois, leaving a Last Will and Testament which was admitted to probate on the 8th day of July, 1953 without notice to any of the petitioners.

"2. That the Last Will and Testament provided that the entire estate would pass to five beneficiaries therein or the survivor of them, all of whom filed renunciations in this Court.

"3. That by operation of law the assets in the estate became intestate property.

"4. That the heirship of the decedent is as follows:

. . . . . .

"5. That on the 27th day of January, 1956 the Executor herein, having found no heirs, paid the bal-

ance of the estate in the amount of $112,256.46 to the Treasurer of Cook County, Illinois, and on the 31st day of January, 1956 said Executor filed a Final Account herein whereupon the above-entitled Estate was closed.

"6. That on the 1st day of October, 1962, on Petition of the State's Attorney of Cook County, Illinois and without notice to petitioners herein, the heirship in the above-entitled estate was amended to show 'No Known Heirs.'

"7. That the above-entitled estate should be reopened to amend the proof of heirship herein showing the correct heirs of decedent, to obtain the assets erroneously and wrongfully paid over to the Treasurer of Cook County, Illinois, and to distribute said assets to the heirs at law of decedent in accordance with the Probate Act and Statute of Descent and Distribution as therein provided."

The State's Attorney's Office of Cook County filed an answer in which it admitted all of the allegations of the petition except paragraphs 4 and 7, which it denied.

After a hearing, the trial court denied appellants' petition to reopen the estate and to amend heirship and this appeal followed.

■ We do not consider the contentions of the respective parties, because in our opinion they are irrelevant. The approval by the Probate Court of the final accounting of the Executor on January 25, 1956, was a final judgment order. Abrams v. Schlar, 27 Ill App2d 237, 169 NE2d 583; In re Estate of Dunn, 61 Ill App2d 36, 208 NE2d 888; Barnard v. Michael, 392 Ill 130, 63 NE2d 858. Therefore it could not review its own order or judgment and correct the same either as to any question of fact found by it or as to any question of law decided by it after 30 days. Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294.

Appellants do not attempt to bring themselves within the provisions of chapter 110, section 72 of the Illinois Practice Act which provides the method for seeking relief from final orders, judgments and decrees after thirty days, nor do they claim the judgment is void so as to exempt them from the application of section 72.

Section 5 of chapter 3 of the Illinois Probate Act provides: "The provisions of the Civil Practice Act and all existing and future amendments and modifications thereof and the rules now or hereafter adopted pursuant to that Act shall apply to all proceedings hereunder except as otherwise provided in this Act." Since appellants do not claim the final order of the Probate Court of Cook County was void and since they do not seek to come within the provisions of the Civil Practice Act, they must bring themselves within the provisions of the Probate Act in order to reopen the judgment order of the trial court. Chapter 3, section 308(a) of the Illinois Probate Act provides: "If an estate has been administered and the executor or administrator discharged, it may be reopened to permit the administration of newly discovered assets or of an unsettled portion of the estate on the verified petition of any interested person." Since it is not alleged that there are undiscovered assets or an unsettled portion of the estate, the trial court lacked jurisdiction to reopen the estate pursuant to the prayer of the petition. "Where statutes specify the grounds on which a final settlement will be opened, modified, or set aside, such grounds must be shown to be present to warrant such action by the court." 34 CJS, par 914, p 118.

The assets of the estate of decedent escheated to the county, for under the Probate Act (Ill Rev Stats, c 3, § 11) when there is no surviving spouse or known kindred, the intestate estate escheats to the County. C 49, § 7, Ill Rev Stats, provides the method for escheated assets:

"The County Treasurer shall keep just and true accounts of all money paid into the treasury, and if

any person appears within 10 years after the death of the intestate and claims any money paid into the treasury as aforesaid as his, on legal representation such person may file a petition . . . , stating the nature of his claim and praying such money may be paid to him; a copy of which shall be served upon the State's Attorney of such County, who shall put in an answer to the same, and the court shall thereupon examine the claim and the allegations and proofs, and if it finds that such person is entitled to any money paid into the county treasury, such court shall by order direct the county clerk to issue an order upon the county treasurer for the payment of the same; and it is the duty of county boards to see that such amounts are paid in full without discount."

The escheat statute does not call for the reopening of the estate when a petition is filed or for the appointment of an administrator de bonis non, but states that the State's Attorney shall "put in an answer." There is no reason for the appointment of an administrator—the property belongs to the county; if the court finds the claims to be valid, it is transferred to the claimant by the county.

For the foregoing reasons, the order of the Circuit Court of Cook County, County Department, Probate Division, denying appellants' petition to reopen the estate is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.