*In re* ESTATE OF FRANK MOSKAL, Deceased.—(PAULINE MOSKAL, Adm'r of the Estate of Frank Moskal, Petitioner-Appellant, *v.* SOPHIA KOWAL, Respondent-Appellee.)

First District (5th Division) · No. 76-1438

Opinion filed June 17, 1977.

Frederick J. Sentman, of Chicago (Reilly & Sentman, of counsel), for appellant.

Maragos, Richter, Berman, Russell & White, Chartered, of Chicago (Samuel C. Maragos and Robert J. Pavich, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

At issue in this appeal is whether the administrator's pleadings and affidavit alleged sufficient facts to reopen the estate pursuant to section

308a of the Probate Act. Ill. Rev. Stat. 1975, ch. 3, par. 308a, repealed by Pub. Act 79-328; current version at Ill. Rev. Stat. 1975, ch. 3, par. 24—9.

On October 23, 1975, appellant petitioned pursuant to section 308a of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 308a) to reopen this estate. The estate had been closed on May 24, 1973. She alleged that "additional personal property" consisting of family heirlooms and objects of art had been discovered since the estate was closed. The trial court ordered that the estate be reopened, issued letters of administration to her and ordered that a citation to recover assets be served upon appellee.

Appellee responded under oath that the personal property in her possession had not been "newly discovered" by appellant since the estate was closed, but rather that appellant and deceased's other heirs knew this property was in appellee's possession prior to that time as evidenced by an entry in the estate's final account for discovery fees of these assets, and that the heirs had attempted to obtain this property by replevin proceedings in the circuit court. She prayed that the order reopening the estate be vacated.

Appellant answered, and *inter alia*, admitted that Voucher #5 of the estate's final account showed "a reimbursement to the then administrator for investigation conducted in Chicago, regarding discovery of assets and including alleged property of the deceased being held by one Mrs. John Kowal," but denied that the voucher represented an adjudication on whether these assets belonged to the estate.

Appellant also filed an affidavit in which she admitted that she, the other heirs, and the estate's original administrator knew this property was in appellee's possession prior to the closing of the estate and that although they had this knowledge, they chose not to pursue the property for reasons of economy and upon the advice of counsel.

On August 4, 1976, the trial court specifically found this property was not a newly discovered asset and entered an order which vacated the prior order reopening the estate, revoked her letters of administration, and dismissed citation proceedings against appellee Sophia Kowal.

OPINION

■■ Appellant contends the trial court erred by dismissing this cause because the matter had been previously adjudicated. She argues that the estate was properly reopened pursuant to section 308a of the Probate Act. (Ill. Rev. Stat. 1975, ch. 3, par. 308a.) That section provides in pertinent part:

> "If an estate has been administered and the executor or administrator discharged, it may be reopened to permit the administration of a newly discovered asset or of an unsettled

portion of the estate on the verified petition of any interested person."

Where a statute specifies the grounds on which a final settlement will be opened or set aside, such grounds must be shown to be present in order to warrant action by the court. (*In re Estate of Kuntz* (1968), 98 Ill. App. 2d 367, 240 N.E.2d 448.) Consequently, the trial court's order reopening the estate was proper only if the personal property was either a newly discovered asset or an unsettled portion of the estate.

■■ The trial court specifically found that this property was not a newly discovered asset. The estate's final account showed that the administrator and heirs knew this property existed and was in appellee's possession prior to the time the estate was closed. Appellant admitted in her amended petition that the original administrator had been reimbursed for investigations to discover assets including the property in appellee's possession. Moreover, appellant admitted in her affidavit that the estate's heirs knew about the property, but decided not to collect it upon the advice of counsel and for "reasons of economy." Based upon these facts, the trial court's finding that the property was not a newly discovered asset was not erroneous.

■■ Appellant has orally argued that section 308a should be construed to allow the reopening of an estate whenever an asset is discovered *by the court* after the estate has been closed, in addition to whenever it is discovered by an estate's heirs or administrator. She has cited no authority for this novel interpretation. To the contrary, section 308a specifically provides for the reopening of an estate on the petition of an interested party and does not mention any *sua sponte* action of the court. Therefore, we reject appellant's argument. Even if appellant's interpretation was correct, the trial court in the instant case had notice of this property by the estate's final account and, therefore, it did not discover this asset after the estate was closed.

Appellant cannot argue for the first time on appeal that this property qualifies as "an unsettled portion of the estate" under section 308a. The theory upon which a cause is tried in a lower court cannot be changed on review. (*In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 131 N.E.2d 487.) Here, appellant's petition and arguments in the trial court were premised on the theory that this property was a newly discovered asset and not that it was an unsettled portion of the estate. Consequently, we will not review this issue on appeal.

Appellant also contends the trial court erred by finding that she had failed to assert her rights in a timely manner. Appellant interprets the trial court's written finding to imply that she was barred from reopening the estate by the statute of limitations or the doctrine of laches. The court's order states that appellant "had adequate opportunity to pursue the

collection of the assets sought herein prior to the entry of the Order entered May 24, 1973, which closed the Estate, but she failed to pursue her remedies and, in fact, approved the Final Account aforesaid." When this finding is placed in context with the entire written order, it is clear that the finding relates to the characterization of the property as not being an undiscovered asset at the time the estate was closed. We, therefore, reject appellant's final contention.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.