*In re* ESTATE OF SAM BILOTTI, a/k/a Sam Belotto, Deceased.—(COMMERCIAL NATIONAL BANK OF PEORIA, Adm'r of the Estate of Sam Bilotti, Petitioner-Appellee, *v.* IOLANDA B. BRUNO *et al.*, Respondents-Appellants.)

Third District   No. 77-324

Opinion filed January 10, 1978.—Rehearing denied February 21, 1978.

Vincent J. Pascucci, of Griffin, Fiedler & Pascucci, Ltd., of Chicago, for appellants.

Julian E. Cannell and Timothy J. Howard, both of Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Peoria County which denied a petition of Iolanda B. Bruno and Santo Di Pietro Bilotti, the respondents, to vacate a judgment which had been entered in favor of the Commercial National Bank of Peoria, hereinafter referred to as the petitioner.

On April 9, 1975, Sam Bilotti died intestate. On April 29, 1975, the petitioner bank filed a petition for letters of administration in the decedent's estate; however, prior to this filing the respondent Santo Di Pietro Bilotti was contacted by the trust administrator of the bank and a meeting between the parties was arranged for April 21, 1975, at the bank. At this meeting were present both the respondents, a representative of the bank, and an attorney for the bank. During this meeting the bank attorney questioned the respondents concerning the living relatives of the decedent. The respondent Santo Di Pietro Bilotti served as spokesman during the meeting since the respondent Iolanda P. Bruno did not speak or understand English. During the course of the meeting the names of all the decedent's heirs were given to the bank attorney by the respondents. These names, listed on notes taken by the bank attorney, appeared on the petition for letters of administration, in the affidavit of heirship, and in a publication which appeared in the Peoria Daily Record.

During the April 21 meeting the respondents were unable to provide addresses for the other heirs of the decedent, except that they were probably living in Australia and France. The respondents stated that they had not seen their European relatives for over 20 years. The respondents also informed the bank attorney that they did not know whether the other relatives were living or dead. At this meeting with the bank attorney and a representative of the bank the respondents inquired as to how the estate of the decedent was to be distributed. They were informed by the attorney that after six months from the date of the bank's appointment as administrator if the other heirs could not be found the estate would be divided equally between the respondents.

Subsequent to the April 21 meeting the petitioner bank filed its petition for letters of administration, published as to unknown heirs, and as to

known heirs having an unknown address, and on June 3, 1975, was appointed administrator. Also on this date the petitioner bank filed an affidavit of heirship executed by its attorney which named the respondents and possible unknown heir or heirs as the only heirs of the decedent.

The petitioner bank as administrator filed an inventory, an inheritance tax return, final report and account, and then distributed the net estate equally between the respondents. On March 9, 1976, the trial court entered an order approving the final account, discharging the administrator and closing the estate.

On December 15, 1976, more than 10 months after the estate had been closed, the trial court without notice to the respondents on its own motion entered an order vacating the order of discharge as of March 9, 1976, and reopened the estate. On January 10, 1977, the petitioner bank filed a petition praying for partial refund of the distribution previously received by each of the respondents. The respondents filed an answer to this petition. On April 29, 1977, after a hearing the trial court entered a judgment in the sum of $15,307.25 plus costs against each respondent. On May 26, 1977, the respondents moved to vacate the judgment order of April 29, 1977, or in the alternative for a new trial. The trial court denied this motion of the respondents and this appeal ensued.

The respondents in this appeal raise several issues; however, we first direct our attention to a specific provision of our Probate Act of 1975 which is concerned with the reopening of an estate. We are referring to section 24—9 of the Act (Ill. Rev. Stat. 1975, ch. 3, par. 24—9), which provides:

> "If a decedent's estate has been closed and the representative discharged, it may be reopened to permit the administration of a newly discovered asset or of an unsettled portion of the estate on the petition of any interested person. If the petition asks the appointment of the former representative or a successor designated by the will, the court may order such notice of the hearing on the petition to be given to any interested persons as it directs or the court may hear the petition without notice." Ill. Rev. Stat. 1975, ch. 3, par. 24—9.

■■ This statutory provision deals precisely with the reopening of an estate which has been closed and the representative discharged. It is clear that a reopening is permitted only in two specific instances, to-wit, for the purpose of administering a newly discovered asset or for the purpose of the administration of an unsettled portion of the estate. In the instant case the court approved the final report of the administrator, discharged the administrator and entered an order closing the decedent's estate. Can the trial court some ten months later on its own motion enter an order

reopening the decedent's estate if neither of the statutory requisites set forth in section 24—9 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, par. 24—9) are present? We believe not, for to hold otherwise would make such statutory provision meaningless. There being no newly discovered asset, or any portion of the estate unadministered, we are of the opinion that the trial court was barred by such provision of our statutes relating to the administering of estates from reopening the decedent's estate.

Our opinion as to the purport and intent of section 24—9 (Ill. Rev. Stat. 1975, ch. 3, par. 24—9) is supported by the decision in the case of *In re Estate of Kuntz* (1968), 98 Ill. App. 2d 367, 240 N.E.2d 448. In the case of *Kuntz* the reviewing court was called upon to determine the effect of section 308a of the Probate Act (Ill. Rev. Stat. 1967, ch. 3, par. 308a), which is now designated as section 24—9 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, par. 24—9). In *Kuntz* the reviewing court stated:

"Chapter 3, section 308(a) of the Illinois Probate Act provides: 'If an estate has been administered and the executor or administrator discharged, it may be reopened to permit the administration of newly discovered assets or of an unsettled portion of the estate on the verified petition of any interested person.' Since it is not alleged that there are undiscovered assets or an unsettled portion of the estate, the trial court lacked jurisdiction to reopen the estate pursuant to the prayer of the petition." *In re Estate of Kuntz* (1968), 98 Ill. App. 2d 367, 370, 240 N.E.2d 448, 450.

As noted, the reviewing court in the case of *Kuntz* determined that failure to allege a newly discovered asset or an unsettled portion of an estate resulted in a lack of jurisdiction on the part of the trial court to reopen an estate. We are of the opinion that the requirement of alleging either of the requisites contained in section 24—9 of the Probate Act of 1975 instead of constituting a jurisdictional question set forth a condition precedent which must be met before an estate may be reopened. Failure to allege one or the other of the conditions precedent results in the court being barred or prohibited from reopening an estate. Where statutes specify the grounds on which a final settlement will be opened, modified, or set aside, such grounds must be shown to be present to warrant such action by the court. See 34 C.J.S. *Executors & Administrators* §914, at 1118 (1942).

We are cognizant of the fact that generally the provisions of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 1 *et seq.*) are applicable to our Probate Act. In the instant case a petition to reopen the estate of the decedent was filed pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). This petition was filed by an attorney-in-fact for alleged nieces and nephews of the decedent. The trial court on

December 15, 1976, entered an order, the pertinent part being as follows:

"It is therefore ordered:

1. That the petition of Gerald J. Mannix to, inter alia, reopen the estate pursuant to Section 72 of C.P.A. is hereby denied and on the court's own motion the above captioned estate is reopened and the Order of Discharge entered on March 9, 1977, is hereby vacated, and it is so ordered therefor and be it further ordered that the Commercial National Bank of Peoria is hereby reinstated as the Administrator in the above captioned estate all pursuant to Sect. 24—9 of Ch. 3, Ill. Rev. Stat. 1975."

The petitioner bank in its brief asserts that the trial court arrived at the correct result in ordering that the estate be reopened even though the reasoning used by the trial court in relying on section 24—9 of the Probate Act of 1975 was erroneous. It is interesting to note that the record discloses that the section 72 petition filed in the trial court by the alleged nieces and nephews was directed against the petitioner bank in that the prayer of the petition requested that the estate be reopened for the purpose of pursuing the administrator for the statutory shares due the heirs and that further the administrator be assessed with all costs and reasonable attorney's fees for prosecuting the cause. Coupled with the filing of the section 72 petition was the filing of a petition praying for citation proceedings to issue against the petitioner bank. At the hearing on these petitions counsel for the petitioner bank contested the allegations contained in them and the relief requested, yet in this appeal now contends that a section 72 petition was the correct and proper way to vacate the order closing the estate. Once the trial court ordered the estate reopened and further directed that the respondents make a partial refund of the distribution received by them, the section 72 petition became more palatable.

■■ We find the position of the petitioner to be quite inconsistent, but be that as it may the trial court specifically ordered the estate reopened and the administrator reinstated, all pursuant to section 24—9 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, par. 24—9). We have previously concluded that when as in the instant case there is an absence of allegations as to newly discovered assets or allegations that a portion of the estate was unsettled, the trial court was barred from invoking the provisions of section 24—9 of the Probate Act of 1975 for the purpose of reopening the estate. It is our conclusion that the trial court's order of December 15, 1976, which reopened the estate, was void and hence the subsequent order of the trial court ordering a partial refund of the distribution received by the respondents is likewise void, a nullity and of no legal effect.

For the reasons set forth the order of the trial court of December 15,

1976, which reopened the decedent's estate, and all orders of the trial court subsequent thereto are reversed.

Reversed.

STENGEL, P. J., and STOUDER, J., concur.