114 Ill. App.3d 257 (1983)
448 N.E.2d 935
In re ESTATE OF JOHN KNOES, Deceased.  (Richard S. Spector, Attorney in Fact for Heir Claimants Amalie Henriette Lubbe, et al., Petitioner-Appellee,
v.
Maryann Heidinger et al., Respondents-Appellants.)
No. 82-48.
Illinois Appellate Court  First District (2nd Division).
Opinion filed April 19, 1983.
Rehearing denied May 11, 1983.
*258 Lewis, Overbeck & Furman and Russell H. McBride, both of Chicago (Paul V. Esposito, of counsel), for appellants.
Richard S. Spector, Ltd., and Gerald J. Mannix, Ltd., both of Chicago (Richard S. Spector and Gerald J. Mannix, of counsel), for appellee.
Judgment affirmed.
JUSTICE STAMOS delivered the opinion of the court:
This is an appeal from an order of the trial court reopening a decedent's estate for the purpose of amending the heirship table to include heirs which were unknown to the trial court at the time that the estate was closed. The order was issued pursuant to a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72).[1] Respondents' contentions on appeal are that the court lacked jurisdiction to entertain the petition because the exclusive method for reopening a decedent's estate is by petition under section 24-9 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 24-9), and that no relief could be granted under section 72 in any event because the order closing the estate was not procured by fraud and petitioner was not in the exercise of due diligence prior to the time that the estate was closed.
On March 10, 1979, John Knoes died intestate. A petition for letters of administration was filed on May 10, 1979, by respondent Maryann Heidinger, the decedent's niece. On that day, Maryann Heidinger was appointed administrator of the estate, and the court received her testimony concerning the heirship of the decedent. That testimony was that she was the daughter of the decedent's sister, that her maternal grandparents had each been married only once, that her mother and the decedent were the only offspring of that marriage, and that to the best of her knowledge she and her brother, respondent Hans Heidinger, were the decedent's only niece and nephew. On June 7, 1979, the court entered an order declaring that Maryann and Hans Heidinger were the only heirs of the decedent. Notice of the decedent's death and the opening of the estate was published in the Chicago Daily Law Bulletin.
On July 8, 1980, petitioner Richard Spector, an attorney, wrote a letter to Russell McBride, the attorney for the administrator. The letter *259 stated that petitioner had learned from an overseas correspondent that the decedent had a sibling who was not noted in the order declaring heirship, and that that sibling had a number of children living in Germany. The letter also stated that petitioner had no detailed information concerning these potential heirs, but that he was expecting to receive powers of attorney from them at some time in the future. Petitioner asked McBride to keep him informed of further proceedings concerning the estate.
The number and the substance of the subsequent communications between petitioner and McBride is sharply disputed. McBride stated that he telephoned petitioner and informed him that the estate had been open for 14 months and that he was in the process of closing it, but that he would delay the closing in order to give petitioner time to present his claim. McBride also stated that he made several more calls to petitioner seeking more information about the claim which petitioner could not provide. Petitioner stated that he called McBride after the July 8 letter was sent, and that McBride did not tell him that the estate was about to be closed, but that McBride did tell him that he would delay the closing. Petitioner also stated that McBride made no further inquiries into the matter.
On September 11, 1980, petitioner wrote to McBride, informing him that he had received several documents pertaining to the foreign heirs and that he was waiting for an affidavit of heirship to arrive. The letter stated that when the affidavit arrived, petitioner would contact McBride to arrange for a hearing to amend the heirship table, and that in the meantime McBride was free to examine the documents which had already been received.
On October 3, 1980, the circuit court issued a citation for removal of representative returnable on November 6, 1980. The citation recited that it was issued because of the administrator's failure to close the estate.
Petitioner stated that he called McBride on or about October 7, 1980, to inform him that the affidavit of heirship had arrived. During that conversation, McBride, told petitioner that he would do nothing to jeopardize petitioner's rights. McBride stated that this conversation never took place.
No report of proceedings was made of the November 6 hearing on the citation. McBride stated that he informed the court of petitioner's claim at that hearing, but that the court, noting that petitioner had not filed an appearance in the case, ordered that the estate be closed. McBride then presented the administrator's final account and the estate was closed.
*260 Petitioner states that he first learned that the estate was closed on December 9, 1980. He filed a petition to reopen the estate on December 29, 1980. That petition was dismissed on February 9, 1981, because of a defect in the notice. On February 13, 1981, petitioner filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72, superseded without change of substance by Ill. Rev. Stat. 1981, ch. 110, par. 2-1401) seeking to vacate the order closing the estate. After hearing argument of counsel, the court granted the petition. The bulk of the foregoing facts were gleaned from the argument of counsel at that hearing, as no testimonial proceedings relevant to this appeal were conducted in the trial court.
Respondents appeal from the order vacating the order which closed the estate, contending that: (1) the court lacked subject matter jurisdiction to reopen the estate pursuant to section 72, because section 24-9 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 24-9) sets forth the only circumstances under which an estate may be reopened, and an estate may not be reopened for purposes of amending the heirship table under that section, and (2) even if section 72 may be utilized to reopen an estate, no relief under that section was available to petitioner because the order closing the estate was not procured through fraud, and petitioner was not in the exercise of due diligence in seeking to present his claim to the court prior to the entry of the order closing the estate.
The central question presented by this case is whether section 24-9 of the Probate Act of 1975 is the exclusive statutory authority for the reopening of a decedent's estate. If it is concluded that section 24-9 is an exclusive provision, then it must be concluded that the court lacked subject matter jurisdiction to reopen the estate under section 72.
Section 24-9 provides in pertinent part:
"If a decedent's estate has been closed and the representative discharged, it may be reopened to permit the administration of a newly discovered asset or of an unsettled portion of the estate on the petition of any interested person." Ill. Rev. Stat. 1981, ch. 110 1/2, par. 24-9.
Section 24-9 allows the trial court to reopen an estate only when one of the two circumstances enumerated in that section is present. (See In re Estate of Kuntz (1968), 98 Ill. App.2d 367, 370, 240 N.E.2d 448 (construing section 308a of the former Probate Act (Ill. Rev. Stat. 1967, ch. 3, par. 308a), now codified as section 24-9 without change of substance); see also In re Estate of Bilotti (1978), 56 Ill. App.3d 552, 554-55, 372 N.E.2d 122, aff'd sub nom. Commercial National *261 Bank v. Bruno (1979), 75 Ill.2d 343, 349, 389 N.E.2d 163.) The amendment of the heirship table does not fall within the purview of section 24-9, and the court is not authorized to reopen the estate under that section to entertain the claims of newly discovered heirs. Commercial National Bank v. Bruno (1979), 75 Ill.2d 343, 349, 389 N.E.2d 163.
Appellant contends not only that section 24-9 is limited to the two situations which it sets forth, but that those two situations are the only situations in which an estate may be reopened, and that therefore the court is not authorized to utilize section 72 to reopen an estate. While there are several cases in which a party has sought to reopen an estate under section 72, none of those cases pass specifically on the propriety of using a section 72 petition for that purpose.
In Commercial National Bank v. Bruno (1979), 75 Ill.2d 343, 349, 389 N.E.2d 163, the defendant bank was the administrator of the decedent's estate. The bank had notice of several foreign heirs which it made no attempt to locate. Nine months after the estate was closed, the foreign heirs filed a section 72 petition to vacate the order closing the estate and a petition for citation praying that the bank produce the share of the estate which should have been distributed to them. The trial court denied the section 72 petition and reopened the estate under section 24-9 on its own motion. No appeal was taken from the denial of the section 72 petition. Our supreme court held that the estate could not be reopened under section 24-9 because there were no newly discovered assets or unadministered portions of the estate. The court held, however, that the foreign heirs were entitled to restitution from the bank, and the case was remanded for a hearing on the petition for citation which the court regarded as still pending in the trial court. Justice Moran, dissenting in part, observed that those citation proceedings were ancillary to the section 72 petition, and that the dismissal of that petition left nothing pending in the trial court. (75 Ill.2d 343, 352.) The court did not intimate that a section 72 petition could not be used to reopen an estate to entertain the claims of newly discovered heirs. The petition, of course, was not before the court, but we note that the appellate court opinion which was affirmed in Bruno (In re Estate of Bilotti (1978), 56 Ill. App.3d 552, 372 N.E.2d 122) held that section 24-9 did not limit the jurisdiction of the court to reopen an estate, but merely set forth conditions precedent which must occur before an estate may be reopened under that section. 56 Ill. App.3d 552, 555.
The other appellate panels which have reviewed cases involving section 72 petitions which sought relief from an order closing an estate *262 have uniformly treated the petition as having been properly brought, while finding defects in the petition which required its dismissal. In Estate of Arcicov (1968), 94 Ill. App.2d 122, 236 N.E.2d 365, the court stated the view that a section 72 petition is an appropriate vehicle for reopening an estate to amend the heirship table (94 Ill. App.2d 122, 126), but held that the two-year limitations period of section 72 begins to run when the estate is closed, and that therefore the petition in that case, which was brought five years after the closing of the estate, was untimely. In In re Estate of Zeno (1972), 4 Ill. App.3d 137, 280 N.E.2d 504, the trial court dismissed the petition after refusing to hear evidence going to whether the order closing the estate had been procured by fraud. The court relied on Arcicov for the proposition that the petition was properly brought and reversed and remanded the case for a new hearing on the petition. Finally, in In re Estate of Rudder (1979), 78 Ill. App.3d 517, 397 N.E.2d 556, the petitioner was an acknowledged illegitimate child of the decedent who brought a section 72 petition to reopen her father's estate one month after Trimble v. Gordon (1977), 430 U.S. 762, 52 L.Ed.2d 31, 97 S.Ct. 1459, was decided. She contended that under that decision she was entitled to a full child's share of the estate despite the fact that the estate was closed before Trimble was decided. The court treated the petition as an appropriate vehicle for the assertion of the petitioners' claim, but held that Trimble could not be applied retroactively and that therefore the petitioner could not show a meritorious claim or defense which would justify the court in granting section 72 relief. 78 Ill. App.3d 517, 520-21.
Against this background, respondents forcefully contend that section 24-9 sets forth the jurisdictional limits of the court's authority to reopen an estate, and that those limits cannot be circumvented by the use of section 72. Respondents liken section 24-9 to section 8-1 of the Probate Act of 1975, which provides that a petition to contest the admission of a will to probate may be brought within six months after the admission of the will. (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 8-1.) This provision has been construed as posing an absolute jurisdictional bar beyond which no will contest may be entertained by the court. (See Julia Rackley Perry Memorial Hospital v. Peters (1980), 81 Ill. App.3d 487, 489, 401 N.E.2d 587.) Accordingly, actions in the nature of a will contest which are commenced more than six months after the admission of the will to probate are barred even though they are presented to the court in the form of a section 72 petition (see Ruffing v. Glissendorf (1968), 41 Ill.2d 412, 415-16, 243 N.E.2d 236) or a complaint for declaratory judgment. See In re Estate of Moerschel *263 (1980), 86 Ill. App.3d 482, 483, 407 N.E.2d 1131.
In In re Estate of Kuntz (1968), 98 Ill. App.2d 367, 240 N.E.2d 448, the court interpreted the statutory provision that preceded section 24-9 (Ill. Rev. Stat. 1967, ch. 3, par. 308a) as limiting the court's jurisdiction to reopen an estate under that section to situations involving newly discovered assets or unadministered portions of the estate. The court expressed no view as to whether jurisdiction to reopen an estate could be derived from any other statutory provision, and there appears to be no case which holds that section 24-9 is the only statutory provision under which an estate may be reopened. The court in In re Estate of Bilotti (1978), 56 Ill. App.3d 552, 372 N.E.2d 122, aff'd sub nom. Commercial National Bank v. Bruno (1979), 75 Ill.2d 343, 389 N.E.2d 163, rejected the Kuntz court's analysis concerning the jurisdictional effect of section 24-9, holding that that section merely sets forth conditions precedent to the bringing of a petition under that section.
 1 In contrast to the court's limited power to entertain a will contest under section 8-1, the court may entertain a claim of heirship at any time during the administration of the estate. (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 5-3(a).) The purpose of a section 72 petition is to bring before the court matters of fact which are not of record and which, had they been known to the court, would have prevented the rendition of the judgment from which relief is sought. (Federal Sign & Signal Corp. v. Czubak (1978), 57 Ill. App.3d 176, 181, 372 N.E.2d 965.) The fact that all of a decedent's heirs are not included in the heirship table is certainly a fact of the type that would prevent the rendition of an order closing the estate. Therefore, we hold that a section 72 petition is a proper vehicle by which to obtain relief from an order closing an estate.
However, the section 72 petitioner is required to act with due diligence, not only in bringing the petition, but in seeking to bring his claim or defense before the court. (Taxman v. Health & Hospital Governing Com. (1980), 83 Ill. App.3d 499, 501, 404 N.E.2d 419.) In the instant case, petitioner had knowledge of the foreign heirs for four months before the estate was closed, and had affidavits of heirship in his possession for at least a month prior to the closing of the estate. During this time petitioner did not file an appearance or personally attempt to apprise the court of the existence of the foreign heirs. Because no appearance was filed, he was not entitled to notice of any proceedings with respect to the estate. A section 72 petitioner generally has the duty to follow his own case. Schiffman v. Bowman (1980), 88 Ill. App.3d 766, 769, 411 N.E.2d 71.
*264 In the typical case, petitioner might well be found to be precluded from section 72 relief because of a lack of diligence in presenting his claim to the court before the rendition of the final judgment. This case differs from the typical case in one crucial respect. Here, the parties asserting that petitioner's lack of diligence is a bar to relief are not only the sole declared heirs of the estate; one of those parties is the administrator. The relationship of an administrator and the heirs of an estate is fiduciary in character. (See In re Estate of Storer (1971), 131 Ill. App.2d 1049, 1054, 269 N.E.2d 352.) The administrator does not stand in an adversarial posture with possible unknown heirs of the estate, and the administrator's attorney is not engaged in an adversarial matter when he deals with the representative of heirs which may have been overlooked when the heirship table was originally presented to the court.
 2 It is well settled that the requirement of due diligence need not be rigidly enforced where unconscionable behavior is shown. (See, e.g., Department of Public Works & Buildings v. O'Hare International Bank (1976), 44 Ill. App.3d 934, 937, 358 N.E.2d 1308.) Even in adversarial matters, the giving of notice of a judgment more than 30 days after its rendition has been held to cast a cloud over the proceedings which the court may consider when passing on the sufficiency of a section 72 petition. See George F. Mueller & Sons, Inc. v. Ostrowski (1974), 19 Ill. App.3d 973, 979-80, 313 N.E.2d 684.
 3 In the instant case, it is undisputed that McBride made no attempt to inform petitioner of the closing of the estate until more than 30 days after the rendition of the judgment. McBride, as the attorney for one who had a fiduciary duty to see that the estate was distributed to all who had an interest in it, was obligated to be a good deal more solicitous of the rights of possible heirs. McBride's failure to at least inform petitioner that the estate was closed immediately after the rendition of the order obviates any need for us to inquire into questions concerning petitioner's diligence. That failure alone requires that the estate be reopened as a matter of fairness and good conscience.
For the reasons expressed herein, the judgment of the trial court is affirmed.
Affirmed.
PERLIN and HARTMAN, JJ., concur.
NOTES
[1] Now codified without change of substance at Ill. Rev. Stat. 1981, ch. 110, par. 2-1401.