SANDRA G. RIDGWAY, Petitioner-Appellant, v. WALLACE LEE RIDGWAY, Respondent-Appellee.

Third District   No. 3—85—0692

Opinion filed July 18, 1986.—Rehearing denied September 17, 1986.

Brian T. Morrow, of Downers Grove, for appellant.

Robert C. Condon, of Condon & Bruggeman, of New Lenox, for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The petitioner wife, Sandra Ridgway, appeals from the denial of her petition to set aside the oral property-settlement agreement incor-

porated in a judgment for dissolution of her marriage to the respondent husband, Wallace Ridgway. The wife contends that the trial court erred in finding that the husband had not fraudulently misrepresented the existence of certain assets prior to the dissolution of the marriage. We reverse and remand.

The wife filed a petition for dissolution of marriage on October 14, 1981. The only discovery that appears to have been taken is the husband's affidavit for temporary support, filed December 1, 1981. On August 13, 1982, at the hearing on the oral property-settlement agreement, the wife testified that she did not believe her husband had disclosed all of his cash assets to her. A recess was then taken, during which the husband told the wife that the only cash he had was $357 in a bank account for the Ridgway Corporation. That representation was confirmed by both the parties' attorneys. When the hearing resumed, the wife testified that her husband had represented to her that the only cash in his possession was $357, and that she was satisfied with that representation. The judgment for dissolution of marriage, which incorporated the settlement agreement, was entered on September 28, 1982.

On June 4, 1984, the wife filed a petition to vacate the property-settlement provisions of the dissolution judgment, pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). The petition alleged that during the negotiations of their property-settlement agreement, the husband had fraudulently concealed the existence of certain assets from the wife.

At the hearing on the petition to vacate, the husband testified that he had made a full disclosure of his assets to his wife prior to the judgment for dissolution of marriage. The husband then admitted to having received on October 22, 1981, a $23,025 check in his name. He claimed that the remitter for the check was Marina Basista, his partner in a home-construction business. The husband denied having possession of the check on December 1, 1981, when he filed his affidavit for support, although he admitted to depositing the above check in an account in his name at the Regency Federal Savings.

The husband further testified that at the August 13, 1982, property settlement hearing, he told his wife he had only $357 in cash. The husband then admitted to having, as of August 13, 1982, $10,000 of stock in Technology, Inc.; $18,000 in a savings account in his name at Clyde Federal Savings; and a substantial amount of money in his partnership's checking account at the Tinley Park Bank. The husband also testified that on October 8, 1982, he withdrew $33,336.45 from the Tinley State Bank partnership account and purchased, at the Tin-

ley Park Bank, a certificate of deposit for the withdrawn amount.

The wife testified that when she entered the settlement agreement she did not know of the savings account at Clyde Federal Savings, her husband's interest in the checking account at the Tinley Park Bank, or the stock in Technology, Inc. The wife presented evidence that her husband's partnership account at the Tinley Park Bank increased by $62,000 on September 1, 1982, less than one month before the entry of the dissolution judgment. The wife also testified that she first became aware that her husband had not fully disclosed his assets about a year after the entry of the dissolution judgment.

On September 12, 1985, the trial court denied the wife's petition to vacate the property-settlement agreement. The wife filed the instant appeal.

On appeal, the wife argues that the trial court erred in finding that the husband did not fraudulently misrepresent the existence of certain assets. We agree.

■ Under section 2—1401, the petitioner may bring before the court matters of fact which, if known to the court at the time the judgment was entered, would have prevented the judgment's entry. For section 2—1401 relief the petitioner must plead and prove a meritorious claim or defense in the original action plus due diligence both in the original action and in the section 2—1401 proceeding. (*Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763.) We may disturb the trial court's decision on a section 2—1401 petition only if it was an abuse of discretion. *Geller v. General Motors Corp.* (1980), 87 Ill. App. 3d 972, 410 N.E.2d 262.

■ We find no lack of due diligence on the part of the wife, either in conjunction with the entry of the dissolution judgment, or in conjunction with the filing of the section 2—1401 petition. Further, we find that the wife presented a meritorious claim in that her husband fraudulently misrepresented the existence of certain assets he owned.

■ Although favored by the courts, a property-settlement agreement will be set aside if there is clear and convincing evidence that it was entered into as the result of fraud. (*Beattie v. Beattie* (1977), 53 Ill. App. 3d 501, 368 N.E.2d 178.) To establish fraud, it must be shown that a party knowingly made a false representation of a material fact, that it was made to induce reliance upon it by the opposing party, and that the opposing party relied upon the false statement to his injury. *Garmisa v. Garmisa* (1972), 4 Ill. App. 3d 411, 280 N.E.2d 444.

In the case at bar, the evidence of fraud is both very clear and convincing. At the property settlement hearing on August 13, 1982,

the husband admitted to having misrepresented to the wife that he only had $357 in cash, when he in fact had an $18,000 savings account at Clyde Federal Savings and an interest in a substantial checking account with his business partner. The wife clearly relied on the husband's misrepresentation in agreeing to the property settlement. Finally, it is also clear that the wife relied on the husband's misrepresentation to her injury. By her reliance, she may have been deprived of her rightful share of additional marital property.

Therefore, we find that the trial court abused its discretion in denying the wife's section 2—1401 petition to vacate the property-settlement agreement. Accordingly, we reverse the order of the trial court and remand this cause to the trial court for further proceedings consistent with the opinion.

Reversed and remanded with directions.

HEIPLE and BARRY, JJ., concur.