*In re* ESTATE OF DANIEL BARTH, A Disabled Person (Magdalena Barth, Petitioner-Appellant, v. First National Bank of Chicago, Respondent-Appellee).

First District (2nd Division)   No. 1—88—611

Opinion filed March 28, 1989.

Peter Burban, of Law Firm of Peter Burban, of Chicago, for appellant.

John L. Kienlen, of Chuhak, Tecson, Kienlen, Feinberg & Grasso, P.C., of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Petitioner Magdalena Barth (Magdalena) appeals the dismissal of her amended section 2—1401 petition[1] (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), which sought to (1) vacate an order that appointed respondent First National Bank of Chicago (Bank) as the successor guardian of the estate of her son, Daniel Barth (Daniel), a disabled person; and (2) reinstate petitioner as his plenary guardian. Raised as issues are whether the circuit court: (1) properly considered the applicability of a section 2—1401 petition in this case; and (2) erred in dismissing the petition for failure to allege sufficient facts.

On November 12, 1986, Magdalena was appointed plenary guardian of Daniel's estate and person. On or about February 17, 1987, she resigned her office as guardian of Daniel's estate and nominated the Bank as the successor guardian of the estate. On February 17, 1987, the court accepted Magdalena's resignation as guardian of the estate and appointed the Bank to act as successor guardian. Letters of office for the Bank were issued the same day.

On March 12, 1987, the Bank, as guardian of Daniel's estate, filed a petition for leave to purchase residential real estate in Isaquah,

---

[1]Although denominated by Magdalena as a motion, the document will be referred to as a petition, as does the statute.

Washington, alleging that Magdalena entered into a real estate contract for the purchase of a single-family home there in Daniel's best interests. The circuit court granted the petition. According to Magdalena, it was this intention to relocate that caused her to resign as guardian of Daniel's estate and nominate the Bank as successor guardian because, under the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 1—1 *et seq.*), a plenary guardian of the estate cannot be a nonresident of Illinois.

Magdalena filed with the court a guardian's first and final accounting, for her term as guardian of the estate, on July 6, 1987. She was discharged as guardian of the estate by order on the same day.

On October 22, 1987, Magdalena filed a petition "to terminate nomination of guardian for a disabled person and to reinstate prior guardian," alleging that she no longer desired the services of the Bank as guardian, because she decided against relocating in Washington and planned to remain in Illinois.

Several motions were then filed on December 12, 1987. Magdalena filed: (1) a combined petition, pursuant to section 2—1401, to vacate the February 17, 1987, order appointing the Bank as successor guardian and, further, to order her reinstatement as guardian of Daniel's estate; (2) a petition to discharge and remove the Bank as guardian and modify the guardianship order; and (3) a response to the Bank's petition for the sale of the Isaquah real estate.

On the same day, the Bank filed: (1) a petition for the sale of the Isaquah real estate; (2) a petition for approval of successor guardian's fees and an amended petition for fees; (3) a motion to strike the petition to discharge and remove the Bank as guardian of Daniel's estate; and (4) a section 2—615 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) to dismiss Magdalena's section 2—1401 petition to vacate. Various responses and replies to these motions and petitions also were filed.

On December 12, 1987, the circuit court issued the following orders: (1) granted the Bank leave to list the Washington property for sale; (2) denied the petitions to discharge the guardian and to terminate the nomination of the successor guardian and reinstate the prior guardian; (3) dismissed the section 2—1401 petition to vacate because of insufficient pleading; and (4) denied the section 2—615 motion to dismiss. Magdalena was given leave to file an amended section 2—1401 petition to vacate.

An amended section 2—1401 petition to vacate the February 17, 1987, order was filed on January 11, 1988, and the Bank filed a responsive section 2—615 motion to dismiss. On January 27, 1988, after argument, the circuit court granted the Bank's motion on the ground

that the amended petition failed to allege any facts necessary for the court to vacate the February 17, 1987, order. Magdalena appeals.

We will first consider whether sections 23—2 and 23—3 of the Probate Act (Ill. Rev. Stat. 1985, ch. 110½, pars. 23—2, 23—3) provide the exclusive means for removing a guardian from office, as claimed by the Bank. Section 23—2 enumerates 10 causes for removing a representative from office, and section 23—3 describes the procedure for such a removal. The Bank argues that these statutory provisions are the exclusive means for removing a guardian and Magdalena's section 2—1401 petition is an attempt to circumvent the strict procedural guidelines provided by the legislature. The Bank urges this court to affirm the dismissal of Magdalena's amended petition, because the circuit court had no jurisdiction to consider it under section 2—1401.

The Bank's argument is without merit. The Code of Civil Procedure applies, with certain exceptions not relevant here, to all proceedings under the Probate Act. (Ill. Rev. Stat. 1985, ch. 110½, par. 1—6; *In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 167, 386 N.E.2d 862.) There is no statutory exclusion of section 2—1401 petitions in article 23 of the Probate Act. Ill. Rev. Stat. 1985, ch. 110½, par. 23—1 *et seq.*

The Bank's reliance upon pre-1964 cases for the proposition that section 23—3 provides the exclusive means for removal of a guardian is misplaced. Prior to 1964, the probate court was a court of restricted jurisdiction under the 1870 Illinois Constitution. These "special" courts were effectively abolished in 1964, however, and their jurisdiction, judicial functions, powers, and duties were transferred to and assumed by the circuit courts. See Ill. Const. 1870, art. VI, Sched. pars. 5(a), 5(c).

Illustrative of the point is *In re Estate of Knoes* (1983), 114 Ill. App. 3d 257, 448 N.E.2d 935, *appeal denied* (1983), 96 Ill. 2d 540, where a petitioner brought a section 72 (now section 2—1401) petition to reopen her father's estate. The issue raised was whether section 24—9 of the Probate Act (Ill. Rev. Stat. 1981, ch. 110½, par. 24—9) provided the exclusive method for the reopening of a decedent's estate. Noting that the purpose of a section 72 petition is to bring before the court matters of fact which, if they had been known to the court, would have precluded entry of the judgment from which relief was sought, the court held that such a petition was a proper vehicle by which to obtain relief from an order closing an estate. (*Estate of Knoes*, 114 Ill. App. 3d at 263.) The appellate court held that the circuit court's jurisdiction was not statutorily limited in any fashion. (*Es-*

*tate of Knoes,* 114 Ill. App. 3d at 262-63.) This allowed the *Knoes* court to distinguish *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 415-16, 243 N.E.2d 236, which had held that a section 72 petition could not circumvent section 8—1 of the Probate Act. Ill. Rev. Stat. 1981, ch. 110½, par. 8—1; see also *In re Estate of Bilotti* (1978), 56 Ill. App. 3d 552, 372 N.E.2d 122, *aff'd sub nom. Commercial National Bank v. Bruno* (1979), 75 Ill. 2d 343, 389 N.E.2d 163.

▪ Article 23 provides no jurisdictional limits on a removal procedure, which may be brought at any time during the guardian's representation of the disabled person's estate. The Bank's supplemental citation of post-1964 cases provides no stronger support for its exclusivity argument. (*In re Estate of Chapman* (1982), 104 Ill. App. 3d 794, 433 N.E.2d 313; *In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 479 N.E.2d 500; *In re Estate of O'Brien* (1988), 166 Ill. App. 3d 285, 519 N.E.2d 969.) Each involved utilization of section 23—2 *grounds* for removal. None held that section 23—3 procedures are exclusive. Since, by its terms, section 2—1401 applies without distinction to actions and other proceedings, statutory or otherwise (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(a)), it can be used to obtain relief from an order appointing a guardian as long as section 2—1401 prerequisites are met and grounds for relief bear a relationship to, are commensurate with, or are otherwise relevant to those set forth in section 23—2. The circuit court did not err in considering the section 2—1401 petition.

We next consider whether the circuit court erred in dismissing Magdalena's amended section 2—1401 petition as legally insufficient. The court granted the Bank's section 2—615 motion to dismiss Magdalena's petition, determining that it failed to allege sufficient facts upon which to grant the relief requested. Magdalena argues that this finding was erroneous and asks that this decision be reversed and the cause remanded for further proceedings.

▪ Section 2—1401 provides a comprehensive statutory procedure by which final orders may be vacated after 30 days from their entry. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220, 499 N.E.2d 1381.) Under this section, a petitioner may bring before the court matters of fact which, if known to the court at the time the order was entered, would have prevented entry of the order. When a motion to dismiss is filed against a petition for section 2—1401 relief, all well-pleaded facts are admitted for purposes of the motion and the legal sufficiency of the petition comes under scrutiny. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 839, 449 N.E.2d 560.) A legally sufficient petition must affirmatively set forth specific factual allegations sup-

porting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d at 220-21.

Because this is a section 2—1401 petition to vacate the order of February 17, 1987, which approved Magdalena's resignation as guardian of the estate and appointed the Bank as successor guardian. Magdalena's petition was required to allege facts that, if known to the court on February 17, 1987, would have prevented the entry of that order. Initially, we note that when selecting a guardian the best interest and welfare of the disabled person is of paramount concern. (*In re Estate of Robertson* (1986), 144 Ill. App. 3d 701, 712, 494 N.E.2d 562.) Such factors as past actions and conduct of the proposed guardian, business experience, and family situations also may be considered. *In re Estate of Robertson*, 144 Ill. App. 3d at 712.

Magdalena essentially raises two grounds for the Bank's removal in her amended section 2—1401 petition. First, she asserts that John L. Kienlen, an attorney who formerly represented her as attorney for guardian of Daniel's estate, and now represents the Bank as attorney for such guardian, and the Bank repeatedly assured her that her own resignation and nomination of the Bank as her successor were only temporary and could be terminated by her at any time, and claims that had she known she could not revoke her resignation and nomination, she would not have resigned. Her second reason for the Bank's removal is that the alleged nondisclosure by Kienlen of dual representation and possibly conflicting interests constituted a breach of fiduciary duty. She suggests that if she had known of the dual representation, she would not have resigned as guardian of Daniel's estate. Further, she claims that she was tricked by the false representations made to her by Kienlen.

A review of Magdalena's amended petition demonstrates that the circuit court correctly dismissed it as legally insufficient under section 2—1401. Assuming that a representation had been made to Magdalena that her resignation as guardian of Daniel's estate and her nomination of the Bank was temporary, it would afford no basis for the Bank's removal as successor guardian by the circuit court. The asserted conflict of interest is conclusional; absent are any allegations of abuse of confidence by Kienlen, and she does not allege how she was damaged by Kienlen's conduct. Nor does Magdalena allege that Kienlen failed to act in Daniel's best interest. In the absence of allegations charging actual, conflicting or inconsistent duties owed by

Kienlen to Magdalena as attorney for the guardian of the estate compared to those duties owed by Kienlen to the Bank as attorney for the successor guardian, the prohibition against representing conflicting interests is inapplicable. (*In re Estate of Kapraun* (1959), 21 Ill. App. 2d 231, 242, 157 N.E.2d 700.) The omission of such facts in the petition concerning the dual representation and conflict of interest by Kienlen, that would have prevented the entry of the February 17, 1987, order, supports the court's dismissal.

■ Magdalena also claims that the false representations by Kienlen and Eckersall, the Bank's representative, "tricked" her into resigning the guardianship of the estate. Evidence of fraudulent conduct in prior dealings between a proposed guardian and the disabled person will preclude its selection as guardian. (*In re Estate of Robertson*, 144 Ill. App. 3d at 712.) A section 2—1401 petition can be used to set aside agreements, orders, or judgments procured as a result of fraud. (See *Ridgway v. Ridgway* (1986), 146 Ill. App. 3d 463, 465, 497 N.E.2d 126.) Here, Magdalena was required to allege that the Bank made false representations of material fact, which it knew to be false, which were made to induce Magdalena's reasonable reliance upon them, and that she relied on them to her injury. (See *Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 249, 483 N.E.2d 1263.) No such facts were alleged in Magdalena's amended petition to support a claim for fraud. There was no error.

In light of our disposition with respect to the sufficiency of Magdalena's amended section 2—1401 petition, we need not address the Bank's alternative argument relating to Magdalena's failure to allege facts showing the exercise of due diligence in filing the petition.

Accordingly, the dismissal of Magdalena's amended section 2—1401 petition to vacate the February 17, 1987, order must be affirmed.

Affirmed.

BILANDIC and SCARIANO, JJ., concur.