*In re* ESTATE OF CARLOS F. CHAPMAN, Deceased.—(IRENE CHAPMAN SIGHTS, Petitioner-Appellee, *v.* CHARLES VERNON CHAPMAN, Adm'r of the Estate of Carlos F. Chapman, Respondent-Appellant.)—*In re* ESTATE OF HARRY CHAPMAN, Deceased.—(IRENE CHAPMAN SIGHTS, Petitioner-Appellee, *v.* CHARLES VERNON CHAPMAN, Adm'r of the Estate of Harry Chapman, Respondent-Appellant.)

Third District    Nos. 81-542, 81-572 cons.

Opinion filed March 9, 1982.

Harris & Harris, of Macomb, for appellant.

Burrel Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The respondent, Charles Vernon Chapman, was removed as administrator of the estates of Carlos F. Chapman and Harry Chapman by order of the circuit court of McDonough County after hearing on petition filed by Irene Chapman Sights in which it was alleged that the respondent should be removed on the grounds of mismanagement, unsuitability, and for other good cause.

Harry Chapman prior to his death had executed a power of attorney granting the respondent certain authority as to an account in the Citizens National Bank of Macomb in the approximate amount of $19,000. The account provided that on the death of Harry Chapman it was payable to

his brother, Carlos Chapman. Carlos died November 18, 1979, and Harry Chapman survived him but a few months, dying on February 19, 1980.

While serving as administrator, to-wit, from June 22, 1980, through July 21, 1980, the respondent wrote five checks on the account totalling $3,120 and all of the proceeds from the checks he applied to his personal use. The respondent, after his actions in using the funds from the $19,000 account were questioned in October, November and December of 1980, did borrow money and restore the funds that he had used.

The petitioner Sights caused pleadings to be filed requiring the respondent to file an inventory in each estate. These inventories were filed in October 1980; however, the inventory in the Harry Chapman estate omitted any listing of the $19,000 account. The account was later listed in a supplemental inventory.

The respondent was removed as administrator of both estates by order of court on July 13, 1981.

We are asked to determine whether an administrator can be removed from office who claims that he misunderstood the effect of a power of attorney and thereby withdrew estate funds for personal use but later restored them and who further, after being ordered to do so, filed inventories as required by law.

■■■ Standing alone, the difficulties encountered by respondent regarding the filing of the inventories would not be cause for removal. Letters of office may be revoked only for the reasons stated in the statute. (*In re Estate of Breault* (1963), 29 Ill. 2d 165, 193 N.E.2d 824.) Although the respondent was tardy in filing the inventories, he did comply when ordered by court to do so. Our Probate Act provides that the representative of an estate may be removed for failure to file an inventory or accounting after being ordered to do so. In light of the respondent's compliance with the court's order, there is no ground to remove him concerning his actions as to the filing of inventories.

Turning to respondent's personal use of estate funds, we have noted that he restored the same, and he advanced the claim that he misapprehended the effect of a power of attorney. It should further be noted that the trial court in correspondence to counsel for the parties made the following observation and finding:

> "* * * I do not question the legal representative's good intention in the matter, but he has obviously mismanaged both estates and shown himself to be unsuitable for discharge of his duties as legal representative."

■■ The trial court's observation that it did not question the respondent's good intentions effectively extinguishes the contention that respondent's acts were motivated by dishonesty. Though a different conclusion may well have been reached, we are not disposed to substitute our judgment

for that of the trier of fact. Accepting the trial court's finding and applying the rule of law that an executor should not be removed for errors or omissions which are satisfactorily explained, or errors of judgment not amounting to malfeasance, we will not conclude that the respondent should have been removed on the grounds of dishonesty. *In re Estate of Breault* (1963), 29 Ill. 2d 165, 193 N.E.2d 824.

■■ The trial court did, however, order the removal of the respondent as the representative of both estates on the grounds that he mismanaged the same and had demonstrated that he was unsuitable for the discharge of his duties. Both of these grounds are statutory causes for removal. (See Ill. Rev. Stat. 1979, ch. 110½, par. 23—2(a)(4), (9).) We agree with the trial court, for it is evident that the respondent, even though confused as to the effect of the power of attorney's authority, made no effort to eliminate that confusion by seeking advice of counsel but proceeded to appropriate estate funds to his personal use. We further deem it pertinent that the record discloses that the funds so appropriated were not promptly restored to the estate but that restoration was made only after he was pressured to do so over a period of months. It required an order of court to compel the filing of inventories and the inventory in the Harry Chapman estate initially failed to list the $19,000 account which gave rise to his difficulties as a fiduciary. Without setting forth a recitation of the same we make the observation that the transcript of the respondent's testimony at the removal hearing left much to be desired as to candor.

■■ While the difficulties of the respondent flowed primarily from his acts or omission of acts in the Harry Chapman estate, the order provides for his removal not only from this estate but in the estate of Carlos Chapman as well. No argument is presented as to the propriety of the removal from both estates, nor would the same if presented have merit. The estates are interrelated, and mismanagement and unsuitability in one is indication of unsuitability and possible serious mismanagement in the other.

For the reasons set forth the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.