*In re* ESTATE OF JOHN J. O'BRIEN, Deceased (Rosemary O'Brien, Executor-Appellant, v. Neil F. Hartigan, Attorney General of Illinois, Respondent-Appellee).

First District (5th Division)   No. 85—2887

Opinion filed January 29, 1988.

Roger S. Gorman, of Elmhurst, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Floyd D. Perkins, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Rosemary O'Brien, executor of the estate and sister of John J. O'Brien, appeals from an order removing her as executor of the estate. Ms. O'Brien contends on this appeal that she was wrongfully removed as the executor of her brother's estate. We affirm the trial court's order.

On January 14, 1980, John J. O'Brien died testate. The residuary clause of his will bequeathed the remainder of his estate to a trust of which Ms. O'Brien was named trustee. The net income of the trust

was to be divided between Father O'Brien and Ms. O'Brien, the decedent's brother and sister. Upon the deaths of Father O'Brien and Ms. O'Brien the trust estate was to go to the Society of the Divine Word, a charitable organization.

On June 4, 1980, Ms. O'Brien was issued letters of office and in November 1981, she filed an inventory for the estate. In the 1981 inventory Ms. O'Brien stated that at the time of decedent's death the value of his estate was $350,000. One year later, in response to her attorney's motion to withdraw as her counsel, Ms. O'Brien stated under oath that the approximate value of the estate was $266,000. Ms. O'Brien also stated that she had difficulty classifying the decedent's pension proceeds as an asset of the decedent's estate. Despite advice by her counsel that the decedent's pension proceeds could be legally payable to her only in her capacity as executor, Ms. O'Brien maintained that the proceeds should be paid personally to her. On March 13, 1985, the court on its own motion appointed a special administrator.

On March 20, 1985, the Attorney General petitioned to intervene in the estate proceedings and to compel an accounting. The petition asserted that no accounts had been filed, that Ms. O'Brien possessed and personally claimed $75,000 of the decedent's pension proceeds which allegedly belonged to the decedent's estate and that Ms. O'Brien incurred $25,000 in penalties for failure to timely file Federal estate tax returns and pay taxes due thereon.

On April 16, 1985, the court on its own motion ordered Ms. O'Brien to present and file an accounting. Ms. O'Brien failed to do so. On August 1, 1985, the Attorney General petitioned the court for a citation to remove Ms. O'Brien as executor, for a rule to show cause, and to compel an accounting by Ms. O'Brien. Relying on the same allegations as in the petition to intervene, the Attorney General further alleged that Ms. O'Brien failed to file an account as ordered by the court and that the penalties for failure to timely file and pay Federal taxes had increased by $10,000 to $35,000.

On August 1, 1985, the court ordered Ms. O'Brien to show cause on August 28, 1985, why she should not be removed as executor and directed her to produce all the records and documents concerning the estate on August 5, 1985. The court also issued a citation for removal of representative on August 1, 1985. On August 28, 1985, Ms. O'Brien appeared in court in response to the rule to show cause and the citation but she did not file a response or an accounting. After a hearing, the court entered an order removing Ms. O'Brien as executor and appointed the decedent's brother, Father O'Brien, as the executor.

■■ Section 23—2(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 23—2) provides:

"[O]n the court's own motion, the court may remove a representative for any of the following causes. If the representative:

\* \* \*

(4) wastes or mismanages the estate;

\* \* \*

(7) fails to file an inventory or accounting after being ordered by the court to do so;

\*\*\*

(9) becomes incapable of or unsuitable for the discharge of his duties \*\*\*." Ill. Rev. Stat. 1985, ch. 110½, pars. 23—2(a)(4), (a)(7), (a)(9).

In *In re Estate of Chapman* (1982), 104 Ill. App. 3d 794, 433 N.E.2d 313, the administrator of the estate wrote checks on the estate account, applied the funds to his personal use but later returned the funds to the estate's account. Additionally, the administrator filed an inventory in the estate only after he was required to do so because of pleadings filed against him. The trial court ordered the removal of the administrator of the estate. On appeal, in affirming the removal order the court stated:

"We are asked to determine whether an administrator can be removed from office who claims that he misunderstood the effect of a power of attorney and thereby withdrew estate funds for personal use but later restored them and who further, after being ordered to do so, filed inventories as required by law.

\*\*\* Letters of office may be revoked only for the reasons stated in the statute. \*\*\* Our Probate Act provides that the representative of an estate may be removed for failure to file an inventory or accounting after being ordered by the court to do so. \*\*\*

\* \* \*

The trial court did, however, order the removal of the respondent as the representative of both estates on the grounds that he mismanaged the same and had demonstrated that he was unsuitable for the discharge of his duties. Both of these grounds are statutory causes for removal. (See Ill. Rev. Stat. 1979, ch. 110½, pars. 23—2(a)(4), [a](9).) We agree with the trial court, for it is evident that the respondent \*\*\* proceeded to appropriate estate funds to his personal use. \*\*\* [T]he funds so appropriated were not promptly restored to the estate but that restoration was made only after he was pressured to do so

over a period of months. It required an order of court to compel the filing of inventories ***." *Chapman,* 104 Ill. App. 3d at 796-97.

In the case at bar, the record reflects that each of the foregoing statutory causes was established for the removal of Ms. O'Brien as executor of her brother's estate. Ms. O'Brien personally claimed and possessed $75,000 of the decedent's pension proceeds. She had the opportunity to claim these pension proceeds in the probate court proceedings but she did not do so. Ms. O'Brien had yet another opportunity to claim the pension proceeds in the probate court proceedings when the Attorney General petitioned to intervene and compel an accounting. She again chose not to do so. Ms. O'Brien was aware that there was a conflict as to whether she was entitled to receive the pension proceeds. She had been advised by counsel that the proceeds were payable to her only in her capacity as executor. The decedent's will did not provide that the decedent's pension proceeds were personally payable or bequeathed to Ms. O'Brien. Rather than properly have this conflict judicially resolved, Ms. O'Brien chose simply to set aside $75,000 as her own. Ms. O'Brien was also late filing the Federal estate tax returns and thereby incurred $35,000 in penalties for failure to timely file and pay. Ms. O'Brien's good intentions are not questioned but it is evident that Ms. O'Brien by her actions and inactions mismanaged the decedent's estate and established that she was unsuitable to discharge her duties as executor. (*In re Estate of Chapman* (1982), 104 Ill. App. 3d 794, 433 N.E.2d 313.) Furthermore, Ms. O'Brien's noncompliance with the court's order to file an accounting amply supports the court's order removing her as executor. The Probate Act specifically provides that failure to file an accounting when ordered by the court to do so is ground for removal of the executor. Ill. Rev. Stat. 1985, ch. 110½, par. 23—2(a)(7); *In re Estate of Chapman* (1982), 104 Ill. App. 3d 794, 796, 433 N.E.2d 313.

For the reasons set forth we affirm the trial court's order removing Ms. O'Brien as the executor.

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.