596 N.E.2d 1339 (1992)
231 Ill. App.3d 883
173 Ill.Dec. 460
In re ESTATE OF Mary Ellen DEVOY, Deceased.
(Theodore Van Winkle, Petitioner-Appellee,
v.
Reverend Michael Maughan, Executor, Respondent-Appellant).
In re ESTATE OF Mary Ellen DEVOY, Deceased. (Linda Sue Devoy and Ronald Lloyd Devoy, Petitioners-Appellees,
v.
Reverend Michael Maughan, Executor, Respondent-Appellant).
Nos. 5-91-0299, 5-91-0537.
Appellate Court of Illinois, Fifth District.
July 24, 1992.
*1340 James R. Conley, Jr., Carmi, and Wayne Morris, McLeansboro, for respondent-appellant.
*1341 Theodore Van Winkle, McLeansboro, for petitioner-appellee.
Justice RARICK delivered the opinion of the court:
The executor of the estate of Mary Ellen Devoy, deceased, appeals from the judgment entered by the circuit court of Hamilton County awarding $789.20 for legal services provided to the former administrator of the estate and awarding $6,500 to Linda Devoy for care provided to Mary Ellen prior to her death and $7,000 to Ronald Devoy for his care of Mary Ellen as guardian and for administration of her estate prior to being removed. For purposes of appeal, the cases have been consolidated. We reverse the judgment.
On April 23, 1982, Mary Ellen Devoy executed an original and photostatic copy of her last will and testament which bequeathed her property to St. Patrick Catholic Church and appointed the pastor as executor. The original will was given to Reverend Maughan, the local parish pastor, and the copy was left with Mary Ellen's attorney. In 1983, Ronald Devoy, Mary Ellen's second cousin, was asked to sign a medical consent for Mary Ellen. At this point Ronald and his wife, Linda, became "involved" in Mary Ellen's life. From 1983 to her death in January of 1987, much of Mary Ellen's time alternated between hospital stays and nursing home care. When Mary Ellen was able to be at home, Linda would come and stay with her for several hours at a time rendering her personal and household assistance. On January 25, 1984, during one of Mary Ellen's releases from the hospital, Mary Ellen, Ronald and Linda arrived at the office of Mary Ellen's attorney to retrieve her will. Different witnesses gave differing versions of what occurred at the attorney's office and thereafter. Suffice it to say, Ronald and Linda believed the will had been revoked. In March of 1985, Ronald was appointed guardian of the estate of Mary Ellen at which time he took possession of her personal and real property. On January 15, 1987, the day of Mary Ellen's death, Ronald filed a petition for letters of administration of the estate. He was appointed as administrator to collect until Reverend Maughan filed with the court the original copy of Mary Ellen's will along with a motion to revoke the letters of administration issued to Ronald. The will was admitted to probate, and Reverend Maughan was appointed executor. Ronald and other relatives then filed a petition to contest the will alleging it had been revoked. The trial court found in favor of the executor, a decision which we ultimately affirmed on appeal. (In re Estate of Devoy (February 15, 1991), No. 5-90-0310 (unpublished order pursuant to Supreme Court Rule 23 (134 Ill.2d R. 23)).) While the appeal was pending, the trial court conducted hearings on various claims against the estate filed by the Devoys and the attorney who assisted them. The attorney petitioned to have Mary Ellen's estate pay additional fees allegedly incurred in connection with administering the estate before Ronald's letters were revoked. Linda filed a claim for $9,599.63 against the estate for staying with Mary Ellen at her home for various periods from January of 1984 until her death and for visiting Mary Ellen in the nursing home and hospital whenever she was not at home. Linda alleged she had been "hired" by Mary Ellen to help her even though the guardian had made no contract with her for such assistance. Ronald filed a claim for $7,954 against the estate in connection with his care of Mary Ellen before she died and for administration of her estate before being removed. The trial court awarded Ronald $7,000 and Linda $6,500 and awarded the attorney $789.20. Reverend Maughan (Executor) appeals the awards.
Before addressing the merits of the issues presented by Executor on appeal, we first must determine whether we have jurisdiction to review the allowance of the claim of Ronald Devoy. On January 31, 1991, the trial court allowed in part and denied in part the claims of Ronald and Linda Devoy. On February 28, Executor filed a motion to modify this judgment. The motion to modify attacked only the portion of the order allowing Linda's claim. On April 15, 1991, the trial court allowed *1342 the claim of the attorney for $789.20 for legal services. On April 26, 1991, Executor filed his notice of appeal from that order. Once the motion to modify was denied, Executor filed a notice of appeal with respect to the claims of both Linda and Ronald. The two appeals have been consolidated in this court. There is no question that this court has jurisdiction of the appeal with respect to the attorney fees issue and with respect to Linda's claim. The question then becomes whether Executor's motion to modify tolled the appeal period with respect to the claim of Ronald.
Supreme Court Rule 304(b) provides for an appeal without the finding otherwise required by Rule 304(a) from "(1) [a] judgment or order entered in the administration of an estate * * * which finally determines a right or status of a party. (134 Ill.2d R. 304(b)(1).) The timing of an appeal under Rule 304(b) is governed by Rule 303(a)(1). (Elg v. Whittington (1987), 119 Ill.2d 344, 355, 116 Ill.Dec. 252, 257, 518 N.E.2d 1232, 1237 (discussing a Rule 304(b)(3) appeal).) Rule 303(a)(1) provides in pertinent part: "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, * * * [in that event] within 30 days after the entry of the order disposing of the last pending post-trial motion." 134 Ill.2d R. 303(a)(1).
In this case, the trial court allowed the claims of Linda and Ronald Devoy in a single record sheet entry dated January 31, 1991. We conclude this entry was a single judgment disposing of both claims rather than a separate judgment for each claim. Although the executor's post-trial motion only requested modification of Linda's award, it was sufficiently "directed against the judgment" to toll the appeal period with respect to both the award to Linda and the award to Ronald. Additionally, we note Ronald appeared by counsel and actively participated in the hearing on the motion to modify the judgment from which appeal is sought. We therefore conclude we also have jurisdiction to address Executor's contentions with respect to the claim of Ronald against the estate of Mary Ellen Devoy.
Executor contends the trial court erred in awarding $7,000 in fees to Ronald Devoy, the former representative of Mary Ellen's estate, when the evidence revealed he breached his fiduciary duty to the estate both as guardian and administrator. First, Executor points to several misstatements made by Ronald and/or through his attorney pertaining to the revocation of Mary Ellen's will. Secondly, Executor believes Ronald benefitted himself personally as well as other members of the family at the expense of the estate and further failed to retain new counsel who would advance the best interests of the estate, and not those of Ronald and Linda Devoy. Based on the record before us, we must agree. The administrator of an estate is held to the highest standard of fair dealing and diligence when dealing with the estate. (See In re Estate of Storer (1971), 131 Ill. App.2d 1049, 1054, 269 N.E.2d 352, 355-56.) Once a conflict of interest which interferes with the objective administration of the estate surfaces, the administrator should be removed. (In re Estate of Phillips (1972), 3 Ill.App.3d 1085, 1090, 280 N.E.2d 43, 46; see also In re Estate of Chapman (1982), 104 Ill.App.3d 794, 797, 60 Ill.Dec. 516, 518, 433 N.E.2d 313, 315.) Here, Ronald participated in or allowed misrepresentations to be made before the trial court as to the status of Mary Ellen's will. The will first allegedly was torn up at the attorney's office, then it was torn up once Mary Ellen arrived home, then it was destroyed a few days later in front of another relative, and finally the pieces of the torn will were found in Mary Ellen's safety box at home. The status of the will clearly presented a conflict of interest, for if the will were destroyed, Ronald would inherit a portion of Mary Ellen's estate through intestacy. Another example of a breach of Ronald's fiduciary duty to the estate can be gleaned from the alleged sale of Mary Ellen's antique automobile to a family member for $300, minutes before the public auction of her estate, and subsequent listing for resale at a price of $12,000. Executor believes *1343 other items of value from the estate also suffered a similar fate. Such breaches of fiduciary duty justify removal; they do not justify compensation. Consequently, the trial court erred in allowing Ronald's claim against Mary Ellen's estate.
Turning to the attorney's claim, Executor argues on appeal the trial court erroneously allowed an award for additional attorney fees in spite of the fact counsel also breached his fiduciary duty to the estate. Executor believes the attorney not only intentionally misrepresented material facts to the trial court pertaining to the revocation of Mary Ellen's will, but also allowed the administrator (Ronald) to dispose of certain assets in manners allegedly detrimental to the estate, allowed the accounting to be filed untimely in violation of court order, and was unable to detail services he allegedly performed beyond these already paid for, and without prior court approval. We must agree with Executor under the circumstances presented. It is true that the Probate Act of 1975 entitles estate representatives and attorneys to reasonable fees for their services. (See Ill. Rev.Stat.1987, ch. 110½, pars. 27-1, 27-2; In re Estate of Thomson (1986), 139 Ill. App.3d 930, 939, 94 Ill.Dec. 316, 323, 487 N.E.2d 1193, 1200.) Such fees, however, not only require court approval but are also subject to the discretion of the trial court based upon such factors as the size of based upon such factors as the size of the estate, the work done, the skill evidenced by the work, the time expended, the success of the efforts involved, good faith, and the efficiency with which the estate was administered. (Estate of Thomson, 139 Ill. App.3d at 939, 94 Ill.Dec. at 323, 487 N.E.2d at 1200; see also In re Estate of James (1956), 10 Ill.App.2d 232, 239-40, 134 N.E.2d 638, 641-42.) Here, the attorney not only contributed to the filing of an untimely accounting, but he also made several misrepresentations to the court, allegedly based on information supplied by Ronald, and failed to have Ronald removed as executor of the estate once his suitability to administer the estate came into question. As an attorney to the administrator and as an officer of the court, the attorney was a fiduciary to the estate and had a duty to inform the court of any suspicions of unsuitability in the performance of the administration of the estate. (In re Estate of Glenos (1964), 50 Ill.App.2d 89, 94, 200 N.E.2d 65, 67.) By not having fulfilled or having attempted to fulfill such obligations, counsel was not entitled to any allowance of additional fees. The attorney had already been paid $1,927.20 without court approval, and when questioned as to the amount or type of work performed justifying his claim for an additional $789.20, he was unable to give any detailed or even comprehensible answer. Under such circumstances, even while acknowledging the fact the trial court has expertise to make such awards, we have no choice but to declare the trial court abused its discretion in allowing any additional claim against the estate of Mary Ellen in connection with legal services provided to Ronald as guardian and former administrator of the estate. We therefore reverse the award in favor of the attorney.
We likewise must reverse the award in favor of Linda Devoy. Linda requested compensation for helping Mary Ellen in her home and for visiting her in the hospital and nursing home. While we commend Linda for her efforts to aid Mary Ellen, she is not entitled to compensation under the facts presented here, absent some type of express contract. It has long been the law in Illinois that a person who furnishes services to a family member is presumed to do so gratuitously. (See In re Estate of Hill (1980), 88 Ill.App.3d 1038, 1039-40, 44 Ill. Dec. 171, 173, 411 N.E.2d 77, 79; In re Estate of Foster (1964), 46 Ill.App.2d 319, 326-27, 197 N.E.2d 257, 261.) In order to overcome this presumption, the person requesting compensation from the estate must establish either an express contract or an implied "contract established by such facts and circumstances as show that both parties, at the time the services were rendered, contemplated or intended pecuniary recompense other than that which arises naturally out of the family relation." (Estate of Hill, 88 Ill.App.3d at 1041, 44 Ill. *1344 Dec. at 174, 411 N.E.2d at 80.) This Linda cannot and did not do. Mary Ellen's guardian testified he never hired Linda to perform any services for Mary Ellen while she was alive, nor does the record reveal any payments by Mary Ellen to Linda at times when assistance was rendered. More importantly, Linda herself testified she would have performed the same services and visited Mary Ellen in the hospital or nursing home whether or not her husband was Mary Ellen's guardian simply because she liked Mary Ellen. Under such circumstances, we cannot sanction the award of $6,500 to Linda Devoy.
For the aforementioned reasons, we reverse the judgment of the circuit court of Hamilton County with respect to the claims of Ronald and Linda Devoy and with respect to the claim of the attorney against the estate of Mary Ellen Devoy.
No. 5-91-0299, Reversed.
No. 5-91-0537, Reversed.
HARRISON and LEWIS, JJ., concur.